WHEELING.

CHILDS *v.* HURD *et al.*

Submitted June 17, 1884.—Decided April 4, 1885.

1. The purchaser of property at a judicial sale, which before confirmation thereof has been set aside by a subsequent decree direct-

ing the property to be re-offered for sale, can not appeal from such decree, before such re-sale has been made and confirmed. (p. 534.)

2. A decree setting aside a judicial sale, which has not been confirmed, and directing the property to be re-offered for sale is not a decree "which requires the possession or title of the property to be changed," within the meaning of the *seventh* clause of the first section of chapter 135 of the Code of West Virginia, as amended by chapter 157 of the Acts of the Legislature of 1882. (p. 535.)

3. The cases of *Roberts* v. *Roberts*, 13 Grat. 639, and of *Kable* v. *Mitchell*, 9 W. Va. 492, so far as they or either of them may seem to authorize a purchaser at a judicial sale, which before confirmation thereof has been set aside, to appeal from the decree setting the sale aside and directing the property to be re-offered for sale, *before such re-sale has been made and confirmed*, are overruled. (p. 539.)

The opinion of the Court contains a statement of the facts of the case.

*C. Boggess* for appellant.

*S. P. McCormick, J. Bassel* and *J. Morrow, Jr.* for appellee.

WOODS, JUDGE:

In order to foreclose two mortgages on a tract of 2,000 acres of land held under a lease for a term of years, having only four and one-half years to run, Albert Childs, who was the mortgagee, filed his bill in the circuit court of Taylor county against the lessor, Samuel Colgate, Charles S. Hurd, who was the lessee and mortgagor, and The Austen Coke Company, which was the assignee of the equity of redemption in the leased premises, to satisfy the mortgage-debts amounting to over $8,000.00. In this suit a decree was entered by consent of all the parties whereby among other things, it was adjudged, ordered and decreed that the mortgaged premii s should be sold, and special commissioners were thereby appointed, and directed to sell the same on the terms therein prescribed. On January 3, 1882, the special commissioners, in compliance with the decree and in all respects according to law, sold the premises to the appellant, Edward Austen, who was the highest bidder therefor, at the

price of $5,100.00, who promptly complied with the terms of the sale by paying to the commissioners, $1,275.00 in cash, and executing his three obligations of $1,275.00 each, with good security, payable in four, eight and twelve months thereafter with interest. The commissioners made report of the sale to the circuit court at the next term thereof, when the purchaser by his counsel moved the court to confirm the sale. This motion was resisted by the Austen Coke Company, which for certain reasons set forth in its petition then filed, moved the court to set aside the sale to the appellant, and re-open the biddings, but failing to show sufficient cause therefor in its petition, its motion was for that cause overruled.

The Austen Coke Company then offered the court for said property an upset bid of $5,500.00, in case the sale should be set aside and the biddings re-opened, and secured the same, by bond with approved security, which the court accepted and thereupon set aside the sale made to appellant, and directed one of the special commissioners theretofore appointed to re-offer the mortgaged premises for sale upon the terms prescribed in its former decree, and also to return to the purchaser his deposit of $1,275.00, and to cancel and surrender to him his bonds for the deferred payments.

From this decree the purchaser, Edward Austen, obtained in vacation, an appeal and *supersedeas* from a Judge of this Court.

The only error assigned by the appellant is, that the circuit court improperly set the sale aside and directed the property to be re-sold, because the advance bid of $5,500.00 was wholly insufficient to warrant the court in doing so; and the counsel for both parties to this appeal have confined their arguments to the discussion of the single question, whether under the circumstances disclosed in this record the circuit court, in the exercise of its judicial discretion, was authorized to set aside the sale made to the appellant on the sole ground, that an upset or advance-bid of $400.00 had been offered over that stipulated to be paid by the appellant. There is no doubt of the correctness of the legal proposition, that the purchaser of property at a judicial sale who has complied with the terms thereof, becomes a party to the suit from the time of

his purchase, and thus subjects himself to the orders of the court, in all subsequent proceedings in regard thereto, acquires an *inchoate* right which entitles him to a hearing upon the question whether the sale shall be set aside, and that if the court err, by setting aside the sale improperly, the purchaser will in a *proper case,* have the right to appeal to a higher tribunal. *Delaplaine* v. *Lawrence's Administrator,* 10 Paige 602; *Blossom* v. *The Milwaukee Railroad Company,* 1 Wall. 655; *Curtis* v. *Thompson,* 29 Grat. 494; *Kable* v. *Mitchell,* 9 W. Va. 492; *Hughes & Co.* v. *Hamilton, & Co.,* 19 W. Va. 366; *Camden* v. *Haymond,* 22 W. Va. 180; *Tally & Co.* v. *Starke's Administrator, &c.,* 6 Grat. 339; *Marling* v. *Robrecht,* 15 W. Va. 440.

It is equally well settled that a sale made by a commissioner under a decree in a court of equity is not in this State an absolute sale, and does not become such, until it is confirmed by the court, and that until this has been done, the purchaser has no fixed interest in the subject of the sale. *Hartly & Co.* v. *Roff,* 12 W. Va. 401; *Cooke's Adm'x* v. *Gilpin* 1 Rob. 39; *Orcws* v. *Pendleton,* 1 Leigh 297; *Heywood* v. *Currington's Heirs,* 4 Leigh 373; *Taylor* v. *Cooper,* 10 Leigh 317; and *Hudgins* v. *Marchants & Co.,* 28 Grat. 177.

There is no doubt that a motion to confirm or set aside a sale made under its decree, is one addressed to the legal discretion of the court to be governed by circumstances of the particular case; and if improperly exercised it will, in a *proper case* be corrected by appeal at the instance of the injured party. After a careful examination of numerous authorities, we are unable to deduce from them any rule, whereby we can determine, in what particular class of cases a purchaser at a judicial sale which has not been confirmed, can be said to be injured by a decree setting aside his purchase, and directing the property to be re-offered for sale, until after such re-sale has been made and confirmed, for until then *non constat,* but that at the re-sale he may repurchase the property on terms more favorable than he did at the first sale. But from the view we take of this case it is unnecessary to consider or discuss these questions. A question of more importance to the appellant meets us at the threshold, and that is, has this Court jurisdiction to allow, or to enter-

tain his appeal ?   If this question is determined against him, his appeal must be dismissed, as having been improvidently allowed.   We were at first inclined to assume this jurisdiction, but upon reflection we determined to examine carefully the grounds upon which it was supposed to rest.   The result of this examination is the conclusion, that where a sale of property has been made under a decree of a court of equity, and before the same has been confirmed, the court, has set the same aside and ordered the property to be re-offered for sale, the purchaser at such first sale can not appeal from the decree setting the same aside, before such re-sale has been made and confirmed.   Whether such purchaser can appeal from such decree must be determined by the proper construction of the first section of chapter one hundred and thirty-five of the Code of West Virginia, as amended by chapter one hundred and fifty-seven of the Acts of the Legislature of 1882, which provides, that " a party to a controversy in any circuit court may obtain from the Supreme Court of Appeals, or a Judge thereof, in vacation, an appeal or writ of error or *supersedeas* to a judgment, decree or order of such circuit court, in the following cases."   *   *   *   *   *   "Seventh : In any case in chancery wherein there is a decree or order dissolving, or refusing to dissolve an injunction, or requiring money to be paid, or real estate to be sold, or the possession or title of the property to be changed, or adjudicating the principles of the cause."

Unless the decree complained of falls within some of the classes specified in the *seventh* clause of the section above quoted, the appeal can not be maintained, as it is certainly not embraced in any of the six preceding clauses of that section. It is clear that the decree in question was not one dissolving or refusing to dissolve an injunction, nor one requiring money to be paid, nor real estate to be sold, nor was it a decree adjudicating the principles of the cause, for the record clearly shows that all questions touching the amounts and priorities of the liens thereon, and of the disbursements of the proceeds of said sale were expressly reserved for the further order of the court.   Was the decree complained of in any proper sense, one " requiring the possession or title of the property to be changed ?"   In other words, did the decree require any

party then having possession of the property to surrender such possession to another ? or did it require that the title of the owner or claimant of said property, should be transferred or changed from such owner or claimant to any other person? If it did, then the person having such possession or title to said property, of which he was so divested, if he deemed himself aggrieved thereby, might under this clause appeal from such decree. But in the case under consideration, the appellant has never had possession of said property, nor any right to the possession thereof, nor has he ever been able to acquire any title thereto, and the very object of his appeal is to acquire the title to said property by a confirmation of his purchase, that he may thereby become entitled to the possession thereof, which he confessedly has thus far been unable to do. As we have already seen, the sale made to him by the commissioners was not an absolute sale, and could not become such, until confirmed by the court, and until this was done he had no fixed interest in the property, and he was in no legal sense a purchaser thereof; and that as an accepted bidder, he was only a preferred proposer, to become a perfect purchaser. *Hartly & Company* v. *Roff; Cooke's Administrator* v. *Gilpin ; Heywood* v. *Carrington's Heirs ; Crens* v. *Pendleton ; Taylor* v. *Cooper ; Hudgins* v. *Marchant & Co., supra.* Rorer on Judicial Sales, section 106. Had the sale to appellant been been confirmed he would have acquired title to the property from the day of sale, and the right to the possesison thereof from the time the sale was confirmed ; but failing in having the sale confirmed, he acquired by his purchase neither title nor possession, nor right to the possession. *Taylor* v. *Cooper, Hudgins* v. *Marchant & Co., supra,* and *Evans & Wife* v. *Spurgen,* 6 Grat. 107. The decree complained of not having required the possession or title of the said property to be changed, from the person having possession thereof or claiming title to the same, when the sale was made, it follows that both remain in such person until the re-sale thereof can be made and confirmed, until which time, it cannot appear, whether the first purchaser has been injured or not ; and upon general principles, no one can appeal from a decree, even when erroneous, unless it appears that he has been prejudiced thereby. The decree appealed from in this case not being a final decree, nor such an inter-

locutory decree, as by the terms of the statute he was authorized to appeal from, his appeal must be dismissed as improvidently allowed.

This conclusion may seem to militate against some reported cases where appeals have been entertained from decrees setting aside judicial sales. In most of these cases, however, the appeals were taken by parties, who were by the decrees complained of, deprived of the possession or title of the property sold, or by creditors who were liable to be injured by an increase of their debts by interest accruing thereon, or by inevitable depreciation of the value of the property, before a re-sale thereof could be made as in *Hughes & Co.* v. *Hamilton & Co; Marling* v. *Robrecht; Hudgins* v. *Marchant & Co.*, *supra*, and in *Duncan* v. *Dodd*, 2 Paige, 99; *Requa* v. *Rea*, *Id.* 339; *American Insurance Company* v. *Oakly*, 9 Paige 259; *Hudgins* v. *Lanier, Bro. & Co.*, 23 Grat. 494, and *Curtis* v. *Thompson*, 29 Grat. 474.

We have been able to find but few cases where an appeal from a decree setting aside a sale, and re-opening the biddings has been entertained before the re-sale has been made and confirmed.

The appeal of Hays, in 51 Penn. State R. 58, which sought to do this, was promptly dismissed. Strong, Justice, delivering the opinion of the Supreme Court of that State, says that, "Hays' bid, though the highest, was but an offer to purchase, subject to the approval, or disapproval of the court; that he stood in the situation of a bidder at a master's sale in chancery. It is by no means certain that he had anything to do with the question on which the court acted."

The case of *Delaplaine* v. *Laurence's Administrator*, 10 Paige 602, has been supposed to furnish an authority for such a proceeding. In that case the land of an intestate had been sold by the administrator under the orders of the surrogate, for the payment of debts, and for good cause the sale was set aside and ordered to be re-sold. From this decree and before the re-sale was made the purchaser appealed to the court of chancery, and a motion in that court having been made to dismiss the appeal, Chancellor Walwarth overruled the motion and maintained the appeal, to be heard upon its merits. But upon a closer examination, this case furnishes

no authority in support of the appeal under consideration, for the question which we have been discussing in this case, could not have arisen in that case, for the appeal there taken was from the order of the surrogate, to the court of chancery and was expressly authorized by the statute of New York, which declared that: "Appeals may be made from the orders decrees and sentences of surrogates in all cases, to the court of chancery, except where provision has been made herein for appeals to circuit judges, and except appeals from orders, concerning any admeasurement of dower."—N. Y. R. Stat. 1829, part 3, chapter 9, section 104.

The case of *Curtis* v. *Thompson*, 29 Grat. 474, at the first glance, would seem to furnish some color of authority in support to the appeal under consideration, but the jurisdiction of the court of appeals in that case, may be well supported by its own peculiar circumstances, although that appeal was taken by the purchaser before the *third sale* therein ordered was made. The purchaser in that case, was the plaintiff himself, who had a deed of trust upon the property decreed to be sold, for a debt much greater than the alleged value of the property which was the only security the plaintiff had for his debt, more than half of which was interest. A decree had been entered which ascertained the amount of the plaintiff's debt, and decreed that the same be paid to him and that in case of default of payment the land should be sold to pay the same. At the sale made under this decree the plaintiff became the purchaser of the property at the price of $6,880.62. At the instance of the debtor this sale was set aside, on the grounds that the property had been sold at a greatly inadequate price as the defendant alleged that the land was worth $7,575.00. At the re-sale thereof, the plaintiff again became the purchaser of the property at the price of $6,880.62. At the instance of the debtor this sale was also set aside for the same reason as was the first sale, and a third sale of the property was directed to be made. From these decrees setting aside the first and second sales, and ordering the third sale, the plaintiff before the third sale was made, appealed, and the court of appeals, without considering the question of jurisdiction, reversed said decrees and directed the first sale to be confirmed. This case may well be sustained by its peculiar

68

circumstances, for the debt due to the plaintiff, who was also the purchaser, being already much larger than the alleged value of the property, was continually increasing, and the delays necessarily caused by these decrees, was almost tantamount to a denial of the relief to which the plaintiff was clearly entitled.

The case of *Tally &c.* v. *Starke's Administrator*, 6 Grat. 339, may also be supposed to lend some support to the pretensions of the appellant. In that case, the land was sold in parcels to three several purchasers, but before confirmation thereof, two of the purchasers, upon their petitions filed, were allowed to come in and except to the commissioner's report of the sales made to them respectively, but their exceptions were overruled, and the sales to them confirmed, and from this decree they appealed. These purchasers, having been thus made parties to the suit, in which there was a *final* decree, to their prejudice, were embraced by the express provisions of section eleven of chapter sixty-four, R. Code 1819, and therefore, their right to appeal from said decree was unquestionable. It must however be admitted, that the conclusion we have announced, does not seem to be supported by the case of *Roberts* v. *Roberts* in 13 Grat. 639. We have been unable, in that case, to find any special circumstances on which the jurisdiction of the court of appeals to entertain the appeal could have been sustained, unless it is found in the fact that the sale itself was of a character so questionable, that Judge Samuels delivering, the opinion of the court, said : " Seeing that the duty of the commissioner was plainly violated; that the sale reported was in effect one of private contract, the court should not go into an inquiry upon the conflicting evidence, whether the price was a fair one." For this cause the decree setting aside the sale to the appellant and directing the property to be re-sold, was affirmed. We are not, however, prepared to hold that the wrong-doing of the commissioner, which justified the circuit court in setting aside the sale, can of itself afford any good reason why the court of appeals should have taken jurisdiction, of the appeal of the purchaser, which was unwarranted by the statute. In that case, however, no question of jurisdiction was raised, considered or decided, and therefore, it can have but little weight in determining the question of

jurisdiction now under consideration. The case of *Kable* v. *Mitchell* in 9 W. Va. 492, in respect to the question of the jurisdiction of this Court to entertain the appeal of Kable, was similar to that in *Roberts* v. *Roberts*. The appellant Kable became the purchaser at a judicial sale of certain lands made by commissioners under a decree in a chancery suit, but before the sale was confirmed Mitchell offered a large advance or upset bid for the land, and the court being of opinion that the same had been sold at a grossly inadequate price, set aside the sale to Kable, and directed the property to be re-offered for sale. From this decree, before the re-sale was made Kable appealed to this Court. On the hearing of this appeal, the character of judicial sales ; the status of a bidder or a purchaser at such sales ; the authority of the circuit court to confirm or set the same aside, and to order the property to be re-offered for sale, and the causes for which, and the terms on which, the same may be set aside, were discussed, considered and determined; but the question whether the purchaser at such a judicial sale had the right to appeal from the decree setting aside the sale and directing the property to be re-offered for sale, before such re-sale has been made and confirmed, does not appear either to have been discussed by the counsel or considered, or decided by this Court. Jurisdiction of the appeal having thus been assumed as a matter of course, without having the attention of the Court called to that question, the case furnishes no authority by which we are bound to take jurisdiction of appeals in similar cases. For these reasons we decline to regard the cases of *Roberts* v. *Roberts* and *Kable* v. *Mitchell* as authority binding this Court to entertain the appeal now under consideration ; and in so far as said cases, or either of them, may seem to authorize a purchaser at a judicial sale to appeal from a decree setting the same aside before confirmation thereof, and re-offering the property for sale before such re-sale has been made and confirmed, we decline to recognize them as binding authority upon this Court, but nothing herein contained shall be so construed, as to call in question the correctness of any other questions which appear to have been therein decided.

We are, therefore, of the opinion, that the appeal in this case was improvidently allowed, and for this reason the

same is dismissed with costs to the Austen Coke Company.

DISMISSED.