# CHARLESTON.

| 26 | 785 |
| 51 | 563 |

NATIONAL BANK of KINGWOOD *v.* JARVIS *et al.*

| 26 | 785 |
| 64 | 78 |

Submitted June 9, 1885.—Decided Nov. 21, 1885.

A decree is entered of record confirming a judicial sale, but before the end of the term the said decree is set aside by an order of the court, and at a subsequent term a decree is entered setting aside said sale and ordering a re-sale of the property. HELD:

I. That no appeal lies to this Court from the order setting aside the decree confirming the sale ; and

II. Under the decision of this Court in *Childs* v. *Hurd*, 25 W. Va. 530, the purchaser can not appeal from the decree setting aside the sale before the re-sale is made and confirmed.

The opinion of the Court contains a statement of the facts of the case.

*Martin & Woods* for appellant.

*H. J. Snively* for appellee.

SNYDER, JUDGE:

Under circumstances which it is unnecessary to state in disposing of this appeal, Thomas E. Davis became the purchaser of three tracts or parcels of land sold March 20, 1884, pursuant to a decree made by the circuit court of Marion county in the suit of the National Bank of Kingwood against Granville E. Jarvis and others. By decree of July 7, 1884, the said sale and the report thereof were confirmed without objection or exception ; but on July 15, 1884, during the same term of the court, James B. Newlon filed his petition asking that he be made a party to the cause with leave to except to said report of sale and that the sale of one of said tracts might be set aside ; the court granted the prayer of said petition and on the motion of Newlon set aside so much of the decree of July 7, 1884, as confirmed the sale of the one tract so excepted to by Newlon and continued the consideration of the confirmation of the sale of said tract to a future term. On December 17, 1884, the court, upon consideration of the exceptions filed by Newlon and the defendant Jarvis

to the report of sale and the affidavits in support thereof, the upset bid of Newlon, and also upon the motion of the purchaser, Thomas E. Davis, to confirm the sale of said tract so excepted to and affidavits filed in support of said motion to confirm, entered a decree overruling the motion of said Davis to confirm the sale, set aside the sale of said one tract and directed the commissioner to cancel and surrender to Davis his bonds given therefor and refund to him the cash payment made by him on said tract, and ordered the commissioner to advertise and re-sell said tract of land at public auction, &c. From this decree and that of July 15, 1884, Thomas E. Davis, the purchaser, on February 12, 1885, obtained an appeal from one of the judges of this Court.

The appeal comes plainly within the decision of this Court in *Childs* v. *Hurd*, 25 W. Va. 530, and must be disposed of in the same manner. In that case it was decided that, "the purchaser of property at a judicial sale, which before confirmation thereof has been set aside by a subsequent decree directing the property to be re-offered for sale, can not appeal from such decree before such re-sale has been made and confirmed."

Counsel for appellant, however, undertake to distinguish between that case and this by asserting that this is not, as that was, an appeal from a decree setting aside a sale which had not been confirmed, but a decree setting aside a sale which had been confirmed. It is true, a decree was put upon the record confirming this sale, but it is likewise true, at a subsequent day of the same term that decree was set aside by an order of the court. This order operated as an absolute obliteration of said decree and at the end of the term the record was in precisely the same condition in law and effect, as if said decree had never been entered or had been entirely erased from it. All the rights and effects which the decree might have conferred or had, if it had been permitted to remain on the record, became inoperative and passed entirely out of existence with the decree itself. But it is insisted that the court had no power to set aside said decree. The rule is well settled, that the record on the common law side of the court, during the whole term is looked upon as *in fieri* and in the breast of the court, and therefore subject to such modifications as it may think proper to make. 4 Min. Inst.

Pt. I. (768) 852 ; 1 Rob. (old) Pr. 638 ; *Smith* v. *Knight*, 14 W. Va. 749, 759. But this rule does not obtain to the same extent on the chancery side of the court. The rule in chancery proceedings seems to be that, where it appears after a decree has been entered and before the end of the term that by accident, oversight, mistake or misapprehension the decree is erroneous, the court has the power to correct or alter it, but this power is to be exercised with a sound discretion and is by no means arbitrary. 4 Min. Inst. Pt. II (1285); 2 Dan. Ch'y 1028 ; *Carper* v. *Hawkins*, 8 W. Va. 291.

Assuming, however, that the order of July 15, 1884, setting aside the decree of July 7, 1884, was erroneous, still it is not of itself such an order as could be appealed from to this Court. It is purely an interlocutory order. It does not even set aside the sale, but simply continues the consideration of the confirmation of the sale to a future term. The subsequent decree of December 17, 1884, setting aside the sale and ordering a re-sale is also, as we have seen under the decision in *Childs* v. *Hurd*, *supra*, an interlocutory and non-appealable decree. Before either of these decrees can be reviewed by this Court at the instance of the purchaser, the re-sale must have been made and confirmed by the court. Consequently the appeal now before us must be dismissed as having been improvidently awarded.

APPEAL DISMISSED.