## Wytheville,

### Allison v. Allison.

#### July 23rd, 1891.

1. JUDICIAL SALE—*Confirmation.*—Decree confirming a sale made under decree of court will not be set aside except for fraud, mistake, surprise, or other cause for which equity would give relief, if the sale had been made by the parties in interest.

2. IDEM—*Inadequate price.*—If inadequacy of price was ground for setting aside decree of confirmation, a sale of land at $4,000, which had at two prior sales within the period of two years sold at $1,550 and $2,650, respectively, could not be deemed inadequate.

3. IDEM—*Notice of motion to confirm sale.*—Attorney for land owner died about two weeks before sale was confirmed, and notice of motion to be made on 27th of September, for confirmation, was served on 25th of same month on owner;

HELD:

These facts are insufficient to warrant setting aside the decree confirming the sale.

Appeal from decree of circuit court of Wythe county, rendered September 27th, 1887, in the cause wherein W. R. Allison was complainant, and C. H. Allison and others were defendants. The object of this suit was to set aside a decree confirming sale of appellant's land to appellee.

The decree being adverse to the complainant, he appealed. Opinion states the case.

*F. S. Blair*, for appellant.

*Jos. W. Caldwell, J. S. Walker,* and *J. A. & R. Crockett,* for the appellees.

HINTON, J., delivered the opinion of the court.

This appeal cannot be sustained. A decree of confirmation is a judgment of the court determining the rights of the parties, and such a decree possesses the same force and effect of any other adjudication by a court of competent jurisdiction. Such a decree will not be set aside except for fraud, mistake, surprise, or other cause for which equity would give like relief if the sale had been made by the parties in interest, instead of by the court. *Brock* v. *Rice,* 27 Gratt. 812; *Berlin* v. *Melhorn,* 75 Va. 639; *Coles' Heirs* v. *Coles' Ex'or et als.,* 83 Va. 529. In the present case none of these circumstances appear.

The price cannot be said to be grossly inadequate, even if that by itself be admitted to be a ground for setting aside a sale duly made and confirmed, which I very much doubt.

As the record shows there have been three sales of this property, after a wide advertisement, and within less than a year of each other. At the first sale the property brought $1,560, at the second sale $2,650, and at the third sale, if a debt of about $500 due the purchaser, and which cannot be reached, be included, about $4,000, and the record shows that the purchaser evidently did not consider that he had gotten a wonderful bargain, for he has agreed to sell it for $5,000. There is, therefore, nothing in this objection. There is less, if that be possible, in the appellant's second point—namely, that he did not have time between the 5th and the 27th September to prepare himself to oppose the confirmation. He lived only three or four hours' ride from the place where the motion was to be made, and had known of the death of his counsel several days before the motion was made, and ought to have provided himself with counsel in time to oppose the confirmation, although the actual notice given him, from Saturday to Monday, was somewhat short. The decree of the circuit court is right, and must be affirmed.

DECREE AFFIRMED.