# CHARLESTON.

ROSCOE EAKIN *et als.* v. MARION B. F. EAKIN *et als.*

Submitted February 18, 1919. Decided March 4, 1919.

1. APPEAL AND ERROR—*Appeal from Part of Decree—Acceptance of Benefits.*

    Generally a party availing himself of a decree so far as favorable to him cannot appeal from the decree wherein it is not favorable to him, if his acceptance of the benefit on the one hand is totally inconsistent with appeal on the other. (p. 516).

2. SAME—*Prosecution of Appeal—Waiver of Errors.*

    No waiver or release of errors operating as a bar to the further prosecution of an appeal or writ of error can be implied except from conduct which is inconsistent with the claim of right to reverse the decree or judgment which it is sought to bring in review. (p. 516).

3. SAME—*Appeal from Part of Decree—Acceptance of Benefits—Waiver of Appeal.*

Where the parts of a decree are separate and independent, and the receipt of a benefit from one part is not inconsistent with an appeal from another, the party receiving the benefit will not be deemed to have waived his right to appeal.  (p. 516).

4. SAME.

Where, after confirmation of a judicial sale, the court later sets it aside because of a higher offer, orders a resale, and directs the return of the money paid and notes delivered by the first purchaser, the portion of the decree directing the return of the money and notes is clearly separable and independent from that part of the decree which totally deprives the purchaser of all his rights under the sale confirmed to him, and the acceptance of the one under protest at the direction of the court cannot reasonably be construed into a waiver of his right to appeal the other.  (p. 518).

5. SAME—*Vacation of Judicial Sale—Purchaser's Rights of Appeal.*

A purchaser at a judicial sale which has been confirmed has acquired such a fixed interest in the property sold as entitles him, though not a party to the original suit, to appeal to a higher tribunal to protect his rights against an improper setting aside of such sale, at least where the resale has been made and confirmed by the court.  (p 519).

6. JUDICIAL SALES—*Control of Court—Confirmation.*

There is a wide difference between the court's power of control over a sale before and after confirmation.  (p. 519).

7. APPEAL AND ERROR—*Judicial Sales—Confirmation—Rights of Purchaser—Direction of Resale—Discretion.*

Before confirmation the rights of the purchaser are inchoate, and upon a showing of inadequacy of price, or upon an offer of a higher bid, properly secured, it is discretionary with the court whether it will confirm the sale or set it aside and direct a resale. The exercise of this discretion depends in large measure upon the facts of each case, abuse thereof when effecting inequities being subject to review by the appellate court.  (p. 519).

8. JUDICIAL SALES—*Confirmation—Rights of Purchaser—Avoidance.*

Upon the confirmation of a judicial sale the rights of the purchaser become vested.  Thereafter nothing except fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the sale or in opening it for other bids.  Mere inadequacy of price or tender of a higher bid will not suffice, unless they themselves clearly import fraud, or are accompanied by other facts or circumstances constituting good cause such as are above stated.  (p. 520).

9.  SAME—*Vacation of Confirmation—Decree.*

The decree setting aside the confirmation should clearly set forth the facts relied on as good cause warranting a resale, and generally it is not sufficient to use the indefinite phrase, ''good cause appearing.''   (p. 520).

10.  SAME—*Confirmation—Avoidance.*

The general rule that courts have control of decrees during the term at which they are rendered does not confer power to avoid confirmed judicial sales except for such cause as is mentioned in a preceding point.   (p. 521).

11.  SAME.

The only effect of this rule on judicial sales is to enable courts to consider alleged reasons for avoiding them during the term on motion or order to show cause after due notice without requiring formal bills for that purpose.   (p. 521).

12.  CASE OVERRULED.

Statements in *National Bank of Kingwood* v. *Jarvis,* 26 W. Va. 785, and 28 W. Va. 805, are overruled in so far as they are inconsistent with this opinion.   (p. 521).

Appeal from Circuit Court, Monongalia County.

Suit for partition by Roscoe Eakin and others against Marion B. F. Eakin and others.   From a decree setting aside the confirmation of a sale to them and ordering a resale, James A. Provins and others, purchasers at former sale, obtained an appeal and supersedeas, and the Hess Coal & Coke Company moves to dismiss appeal.

*Reversed and remanded.*

*E. M. Everly* and *Cox & Baker,* for appellants.
*Stewart & John* and *Donley & Hatfield,* for appellees.

LYNCH, JUDGE:

In a suit to partition lands there was assigned to infants and decreed to be sold for their benefit upon specified terms and conditions, subject to the usual approval and confirmation by the court, a tract of 22-⅔ acres, part of the estate divided.   The right so to dispose of the property by sale and the propriety or necessity therefor are not controverted or questioned in any manner.

The sale first partially effected and reported was not confirmed, but a readvertisement and resale were ordered because the purchaser failed or refused to comply with the

terms prescribed in the decree and notice. The second was not accepted or confirmed, and again a readvertisement and resale were ordered, this time because of an increased offer for the property by another prospective bidder. The third was made, reported and confirmed, and the deed ordered to be executed and delivered to the purchasers, James A. Provins, Lewis Ladone and Frank Ladone, who before the confirmation had in all respects complied with the terms and conditions of the decree of sale and advertisement by paying to the commissioner the amount required in cash, and by delivering to him the notes for the deferred payments, as to the regularity and adequacy of which there was no objection or exception interposed by anyone interested as a party or otherwise, until after the record entry of the confirmatory decree.

Thereafter and before but near the close of the term, the court, upon the petition and upset bid of Robert E. Guy, an attorney practicing at the bar of the court, who, it is charged and not denied, had notice and knowledge of the proceedings in the cause and the efforts to consummate the sales, set aside the decree of confirmation, and for the fourth time directed the property to be sold, and it was sold, at the bar of the court in the presence and under the supervision of the judge thereof, and purchased by or for the Hess Coal & Coke Company upon competitive bidding for an amount about $8,000 in excess of the accepted offer of Provins, Ladone and Ladone, the former purchasers, the sale to whom had been ratified and confirmed without objection and the deed for the land directed to be executed and delivered. From the decree last referred to Provins and Ladones obtained an appeal and supersedeas, and the writ is now before us upon their motion to reverse, made upon leave applied for and granted and notice of the motion duly given and served, and upon a counter motion made without leave first had, but after due notice, by Hess Coal & Coke Company to dismiss the appeal and supersedeas. The motion to dismiss rests solely upon the ground that, as Provins and his copurchasers, pursuant to and as directed by the

decree setting aside the sale confirmed to them, accepted from the commissioner the money paid and notes executed by them to him required by the decree of sale, they were not entitled, and should not be permitted, to prosecute this writ. To the hearing of the motion appellants object because no leave of court was applied for or granted.

Differently stated, the proposition relied on as warranting dismissal is that, as appellants accepted the benefit of the decree annulling the sale confirmed to them by receiving from the commissioner the money paid and notes executed by them, they waived the right to obtain and prosecute an appeal from the later decree confirming the sale to the appellee. The leave without which it is said the motion cannot be allowed or entertained may not always be essential. Where a meritorious cause for the dismissal of an appellate process exists, a motion therefor can be made at any time when not directly or impliedly prohibited by statute or some rule of law. Our statute, section 26, ch. 135, Code 1918, as amended by chapter 69, Acts 1915, however, seems to require leave and notice of a motion to dismiss an appeal for cause, as well as for a motion to affirm or reverse the decree or judgment complained of. Whether it does or not as applied to the situation here disclosed ceases to be important, if, admitting the fact to be as stated by appellee, but not conceding the conclusion based on that fact, and according to the motion the same consideration and force it would justly be entitled to had leave been granted, it nevertheless appears that upon a full hearing upon the merits of the cause the fact relied on cannot avail to dismiss the appeal.

Have the matters urged by appellee the preclusive force and effect attributed to them? That is, does the acceptance of the money paid and the notes executed by appellants after the decree setting aside the sale confirmed to them deprive them of the right to prosecute this appeal? The answer to the question stated depends upon whether or not the acceptance was voluntary or inconsistant with a claim of right to appeal from another portion of the decree. The general

rule is that a party who enforces or otherwise accepts the
benefit of a judgment, order, or decree cannot afterward ask
to have it reviewed for error or deny the authority which
granted it. *McKain* v. *Mullen,* 65 W. Va. 558; *Bright* v.
*Mollohan,* 75 W. Va. 116; *Marshall* v. *McDermott,* 79 W. Va.
245; 3 C. J. 679. In *McKain* v. *Mullen,* cited, page 562,
the basis of the rule is thus stated: " 'A person who does a
positive act, which according to its natural import is so in-
consistent with the enforcement of a right in his favor as
to induce a reasonable belief that such right has been dis-
pensed with, will be deemed to have waived it.' 29 Am. &
Eng. Enc. of Law (2d Ed.) 1103. It is this principle of
acquiescence and waiver which gives existence to the general
rule we have quoted. True, the law favors appeal. The act
of waiver must be clear and decisive. And it has been au-
thoritatively said that 'no waiver or release of errors operat-
ing as a bar to the further prosecution of an appeal or writ
of error can be implied except from conduct which is in-
consistent with the claim of a right to reverse the judgment
or decree which it is sought to bring in review.' *Embry* v.
*Palmer,* 107 U. S. 8.''

A similar exception to or limitation upon the rule is rec-
ognized in *Bright* v. *Mollohan,* cited, point 3 syllabus, where
it is said: ''A party availing himself of a decree as far as
favorable to him cannot appeal from the decree wherein it
is not favorable to him, if his acceptance of the benefit on
the one hand is totally inconsistent with appeal 'on the
other.'' And in 3 C. J. 680, the same exception is noted:
''The rule does not apply * * where the parts of the judgment
or decree are separate and independent, and the receipt of a
benefit from one part is not inconsistent with an appeal
from another, * * or in other cases in which the acceptance
of the benefit or partial enforcement of the judgment is not
inconsistent with an appeal and reversal.'' Notes 25 and
27, and cases cited. Still another form of exception to the
rule is applied in *Gay* v. *Householder,* 71 W. Va. 277. And
where the performance of a decree is involuntary, the right

of appeal is not affected. *Schaeffer* v. *Ardery,* 238 Ill. 557;
3 C. J. 675.

Here the acceptance under protest of the money paid and
notes executed was not such conduct as is inconsistent with
a claim of right to reverse the decree. The portion of the
decree directing their return is clearly separate and inde-
pendent from that part of the decree which totally deprives
appellants of all their rights under the sale confirmed to
them, and the acceptance of the one at the direction of the
court cannot reasonably be construed into a waiver of their
right to appeal the other. The so-called benefit existed more
in name than in fact, for appellants did not desire the re-
turn of their advances, but claimed full right in and to the
property sold, and, being under protest, their acceptance
cannot be said to have been voluntary. Provins, Ladone and
Ladone not only protested against the receipt of the money
and notes before accepting them, but on the commissioner,
who pressed upon them for his own protection performance
of the terms of the decree setting aside the former confirma-
tory decree, served the notice which we quote: "To John L.
Hatfield, Special Commissioner. We accept the check and
notes for the purchase money of the 22-⅔ acres of land,
which you sold us as special commissioner, in the suit of
Roscoe Eakin vs. Marion B. F. Eakin, et al., in compliance
with the decree entered in the above styled cause, setting
aside the sale and confirmation thereof to us, and directing
you to return to us the said cash payment and the notes
which were executed for deferred payments. But we fur-
ther notify you that we stand ready, willing and anxious to
repay same to you and fully comply with the terms of the
decree entered in the above styled cause, confirming the sale
of said property to us, if the appellate court shall so direct.
This the 9th day of May, 1918. (Signed)."

From these circumstances we cannot say that appellants'
acceptance of the money and notes was voluntary or such
an expression of full acquiescence in the decree as to amount
to a waiver of their rights to an appeal and review of the
case. This question, therefore, must be answered in favor of
appellants.

The next question for decision is whether appellants can now have, or are entitled to have, annulled or held for naught, first, the decree setting aside the sale confirmed to them, and, second, the decree confirming the sale to appellee. The important point to note and bear constantly in mind is that this essentially is a controversy between purchasers of the same property sold at a judicial sale, neither of whom originally was and is not now a party to the suit, though under our decisions they are now properly here presenting and defending their rights in respect of the property. The purchaser at a judicial sale which has been confirmed has acquired such a fixed interest in the property sold as entitles him to appeal to a higher tribunal to protect his rights against an improper setting aside of such sale, at least where, as here, the resale has been made and confirmed by the court. *Kable* v. *Mitchell,* 9 W. Va. 492; *Childs* v. *Hurd,* 25 W. Va. 530; *Bank* v. *Jarvis,* 26 W. Va. 785; *Childers* v. *Loudin,* 51 W. Va. 559, 563. No other person is complaining and none are interested in the result of this appeal except the infants thereby affected; and infants are bound by a judicial sale of their lands, when free of fraud, to the same extent and with like effect as adults, except when and as provided otherwise by law. *Lafferty* v. *Lafferty,* 42 W. Va. 783; *Ammons* v. *Ammons,* 50 W. Va. 390, 400; *Harrison* v. *Wallton,* 95 Va. 721; *Litton* v. *Flanary,* 116 Va. 710; section 7, ch. 132, Barnes' Code 1918.

So that, as remarked, this controversy is limited to an investigation respecting the rights of the purchasers under a decree of sale of the land, the sales being made upon the same terms and conditions, save the consideration to be paid therefor, and each being confirmed. Hess Coal & Coke Company at the time of its purchase is presumed to have known what the record revealed as to the prior sale to Provins, Ladone and Ladone. With this simplification of the issues there is presented for solution the original question as to the substantial rights of the parties involved.

There is a wide difference between the court's power of control over a sale before and after confirmation. *Trimble*

v. *Herold,* 20 W. Va. 602, 612; *Coles* v. *Coles,* 83 Va. 525; *Todd* v. *Gallego Mfg. Co.,* 84 Va. 586; *Insurance Co.* v. *Cottrell,* 85 Va. 857. A bid, though accepted by the commissioner conducting the sale, does not become a contract until reported to and confirmed by the court. Up to that time it is merely an offer to buy, but as an offer it becomes binding upon the bidder when accepted and confirmed by the court, and may be enforced against him. *Stout* v. *Philippi M. & M. Co.,* 41 W. Va. 339; *Lowman* v. *Funkhouser,* 78 W. Va. 742; *Richardson* v. *Jones,* 106 Va. 540. Until then the right of the purchaser is inchoate; the sale is an incomplete bargain, merely an offer which the court may or may not accept as circumstances and conditions may require. That is the stage at which the court may open anew the bidding upon an advanced offer, substantial and made in good faith. But even at this stage it is always discretionary with a court whether it will confirm a sale, though made and complied with in all respects as required by its decree, or set it aside and direct a resale. Whether a court will confirm must depend in great measure on the circumstances in each case, abuse of the discretion when effecting inequities being subject to review by the appellate court. *Lowman* v. *Funkhouser, supra;* 8 Enc. Dig. Va. & W. Va. Rep. 722, 728.

But after it has been approved and confirmed by the court, thus completing the contract, it can be set aside only for good cause. It is then not a matter of discretion with the court, but some special ground must be laid, such as fraud, collusion, accident, mistake, misconduct upon the part of the purchaser or some other person connected with the sale, or such other cause as would warrant relief in equity had the sale been by the parties interested instead of by the court. *Berlin* v. *Melhorn,* 75 Va. 639; *Langyher* v. *Patterson,* 77 Va. 470; *Todd* v. *Gallego Mfg. Co.,* 84 Va. 586; *Insurance Co.* v. *Cottrell,* 85 Va. 857; *Allison* v. *Allison,* 88 Va. 328; *Syndicate* v. *Johnson,* 100 Va. 774; *Morrison* v. *Burnette,* 154 Fed. 617; 16 R. C. L. 100. Public policy and fair dealing alike demand protection to purchasers at judicial sales when they have complied with the terms pre-

scribed by the decree and the sale has been confirmed.

The importance which attaches to the confirmation of a judicial sale is shown by the rights and duties which are the purchaser's from that date. After confirmation it is an executed contract, and if not tainted by fraud or otherwise vitiated by other wrongful acts or conduct participated in by the bidder, such confirmation relates to, and vests title in him from, the date of the sale. *Taylor* v. *Cooper,* 10 Leigh 317; *Kable* v. *Mitchell,* 9 W. Va. 492; *Donahue* v. *Fackler,* 21 W. Va. 124; *Childs* v. *Hurd,* 25 W. Va. 530, 535; *Cale's Adm'r.* v. *Shaw,* 33 W. Va. 299; *Stout* v. *Philippi M. & M. Co.,* 41 W. Va. 339, 350. See also *Hardman* v. *Brown,* 77 W. Va. 478. Not only does he get title upon confirmation, but ordinarily he thereby becomes entitled to possession of the property sold. *Hudgins* v. *Marchant & Co.,* 28 Gratt. 177; *Whitlock* v. *Johnson,* 87 Va. 323. See also *Childs* v. *Hurd, supra,* p. 535. And, as said before, when the offer of the bidder is accepted and confirmed, it may be enforced against him.

In this case the inducement prompting the court to set aside a sale which it had already confirmed was the upset bid of $21,500 offered by Robert E. Guy, an advance of $1,137.33 over the price at which it had been sold to appellants. But the offer of a higher bid alone is generally held not to be one of the substantial reasons for which a sale will be set aside after it has been confirmed. *Berlin* v. *Melhorn, supra; Langyher* v. *Patterson, supra; Todd* v. *Callego Mfg. Co., supra;* p. 590; *Allison* v. *Allison, supra; Syndicate* v. *Johnson, supra; Morrison* v. *Burnette, supra;* 16 R. C. L. 100. See also *Pewabic Mining Co.* v. *Mason,* 145 U. S. 349, 367; *Watkins* v. *Jones,* 107 Va. 6. There is an unusual analogy between the facts of the case of *Berlin* v. *Melhorn,* just cited, and the facts of the case before us. Several resales of the property had been made and for one cause or another had not been confirmed, except the last sale which was confirmed, but at the same term the decree of confirmation was set aside and a resale ordered, but not confirmed. This ruling of the Virginia Court is cited, approved or followed and applied in numerous later decisions of that court, here-

tofore cited, and in *Nevada Nickel Syndicate* v. *National Nickel Co.,* 103 Fed. 391, 398, and in *Morrison* v. *Burnette,* 154 Fed. 617.

It must be admitted that the result reached on this question is not consistent with certain statements in *Bank* v. *Jarvis,* 26 W. Va. 785, and 28 W. Va. 805, 811, where this court sustained a decree setting aside a prior decree confirming a sale and ordering a resale. This was done on. two grounds: (1) Because "the rule in this country seems to be that all decrees are *in fieri* and in the breast of the court and subject to its absolute control until the end of the term; that is, that it does not properly become a decree until the term ends;" (2) because it appeared to the court "that the land had been sold at an inadequate price * * shown by the best possible evidence and in the most conclusive manner by the upset bid for an advance price of more than twenty per cent., * * of itself sufficient to set aside the confirmation and order a resale. (*Kable* v. *Mitchell,* 9 W. Va. 493)."

With respect to the ·first ground, it is true that all decrees are in the breast of the court until the end of the term, but that does not mean that they may be set aside except for good cause, and it is generally the rule that an advance bid is not such good cause. The case of *Thompson* v. *Land & Coal Co.,* 77 W. Va. 782, is an example of good cause sufficient to justify setting aside a confirmatory decree, for there the first decree "directing a sale of an undivided half interest had been made through oversight or inadvertence, (when) the entire interest in the tract should have been sold."

With regard to the second ground, the court squarely states that an inadequate price evidenced by an advance bid is of itself sufficient to set aside a confirmatory decree, but cites to support that holding only the case of *Kable* v. *Mitchell,* 9 W. Va. 493, where, because of an advance bid, the sale was set aside before, not after, confirmation, and hence could not be an authority to support that decision. It is the only authority cited in the case of *Bank* v. *Jarvis, supra,* to support its holding, and since in that respect it is contra to

the generally accepted view, it must be overruled to that extent.

True, as just stated, where the sale is yet inchoate and unconfirmed, it is the rule in this state that, if such sale appears from the tender of a properly secured upset bid to be at an inadequate price, it will be set aside and a resale ordered. *Kable* v. *Mitchell, supra; Gillmor* v. *Rinehart,* 73 W. Va. 779. But reason, principle and public policy require that some character of finality be given to confirmed sales, and that they be set aside only for some good cause, other than the offer of a higher bid, clearly set forth in the decree. Otherwise such sales will assume an inconclusive and unstable character, and bona fide purchasers will be deterred from bidding. The interests of the owner are protected by permitting resale on upset bids tendered before confirmation, when sufficient to show a substantial inadequacy of price. In Virginia, however, the courts refuse to set aside sales solely upon upset bids of 10% advance, even if tendered before confirmation. *Moore* v. *Triplett,* 96 Va. 603; *Howell* v. *Morien,* 109 Va. 200; *Hardy* v. *Coley,* 114 Va. 570; *Litton* v. *Flanary,* 116 Va. 710. See also note, Ann. Cas. 1914 D, 3. Likewise, according to the rule in this state respecting unconfirmed sales as laid down in the two cases cited above, the amount of advance required to warrant setting aside a sale depends upon the facts in each case.

The mere phrase, "good cause appearing," contained in a decree annulling a prior confirmation decree cannot be accorded the weight contended for by appellee. The indefinite recital means nothing, and an appellate court cannot lift the veil to see what it conceals. If good cause existed, that is, such cause as the decisions recognize and enforce as sufficient to vacate such a decree, as fraud, accident, mistake, the decree should have disclosed it in the interest of fairness and justice. Such matters ought not be left doubtful, uncertain or conjectural. The phrase, it is said or implied in argument, was inserted to refer to what had occurred at the bar of the court and in the presence of the judge during the progress of the hearing of the cause before and at the time

the sale was made to the appellee. So far as divulged, there appears nothing deserving censure or warranting the action taken in depriving appellants of the benefits attributable to the purchase; nothing to show bad faith, fraud, mistake, or other conduct recognized as lawfully justifying such action. The infants concerned are alike the wards of all courts, appellate and circuit, and an examination is made with regard to this duty. But as said already, protection of their interests does not authorize the punishment of another against whom no charge of wrongful conduct is preferred, or, if preferred, sustained.

Acting upon the faith of the decree ratifying and approving the sale to appellants and undisturbed for nearly two weeks thereafter, E. M. Everly in the meantime innocently acquired rights disclosed by him in answer to the petition of Guy and insisted on by him in court at the hearing upon the petition, knowledge of which appellee must have had then and subsequently. The attempt to deprive Everly and appellants of these rights so acquired in the manner proposed by appellee, itself the owner or operator of coal lands in the same county and perhaps near the land in controversy, and not prevented from bidding earlier so far as appears, does not recommend the course pursued by it, when to do so may work serious results to others relying on rights lawfully vested in them by judicial decree.

Hence it follows that the rights of the appellee are clearly subordinate to, and must yield to, those of the appellants, Provins, Ladone and Ladone. As other questions raised by counsel cannot affect the result in this or any similar case, they may be dismissed without further discussion. The decrees complained of our order will reverse and hold for naught upon appellants' motion, and remand the cause, with direction to reinstate and reconfirm the sale to them upon the repayment of the cash consideration and the redelivery of the notes for the deferred payments.

*Reversed and remanded.*