# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

### A. S. AND W. R. LIVESAY, EX'RS, *vs.* JAMES JARRETT, JR.

#### January Term, 1869.

Where there are judgment liens and trust liens against real estate and a bill is filed by a judgment creditor to enjoin a sale of the land by a trustee, and impeaching as fraudulent certain of the trust deeds, purporting to be made by the debtor for the benefit of other creditors, it is error to decree a sale before ascertaining the amounts of the several liens and their respective priorities and the validity of the respective trust deeds.

This case arose in the county of Greenbrier. The bill of injunction was filed at the March rules, 1867, and the decree upon which the appeal was taken to this court was rendered at the November term, 1867, of the circuit court of said county. The matter in controversy is sufficiently set forth in the opinion of the judge.

*Snyder* for the appellants.

BROWN, President. This was an injunction to stay a sale of land under the last of three several trust deeds.

The bill is filed by Jarrett, claiming to be a judgment creditor as well as a simple contract creditor. It alleges that the trust deeds are fraudulent, that many of the debts secured had been paid in whole or in part, and that the debtor was seeking to obtain an advantage of the financial pressure and a forced sale, to buy in the property at a reduced price clandestinely through the agency of others. A motion to dissolve was overruled and the case referred to a master to ascertain the priorities of the liens and the amounts of the several debts; but before a report was made the court decreed the land to be sold, and the proceeds of sale to await the future order of the court.

The case has been settled, as it is said, between the parties, and is now only submitted on a question of costs in the

appeal, to determine which, it becomes necessary to determine whether the court erred in decreeing the sale before settling the rights of the creditors.

In *Cralle* vs. *Meen*, 8 Grat., 530, it was said that it was premature to decree a sale before adjudicating the several demands of the parties and so ascertaining the amount of indebtedness chargeable upon the land.

In *Buchanan* vs. *Clark*, 10 Grat., 165, it was held to be error to decree a sale of land before the priorities of the parties were adjusted.

And in Robinson's Practice (old), vol. 2, p. 385, it is said that in a suit by a judgment creditor impeaching as fraudulent certain deeds of trust purporting to be made by the debtor for the benefit of other creditors, although it may be clear that the whole property, as well real as personal, conveyed by the deeds, or so much thereof as may be necessary to pay all the debts, must be sold for that purpose in the progress of the cause, yet as to real property a sale should not be directed until the court has decided upon the validity of the deeds, and the extent to which the debts are chargeable upon the property, and the order in which they are to be paid, because a sale thus prematurely ordered has a tendency to sacrifice the property by discouraging the creditors from bidding, as they probably would, if their right to satisfaction of their debts and the order in which they are to be paid out of the property were previously ascertained.

I think, therefore, that the court erred in decreeing the sale in this case before ascertaining the amounts of the several debts, and settling the priority of the liens, and the validity of the respective trust deeds.

The decree of the circuit court should, therefore, be reversed, with costs to the appellants, and the cause remanded for further proceedings to be had therein, in conformity to the principles above stated.

The other judges concurred.

DECREE REVERSED.