# CHARLESTON.

## CHILDERS *v.* LOUDIN.

Submitted January 25, 1902.   Decided March 15, 1902.

| 51 | 559 |
| 52 | 657 |
| 51 | 559 |
| o54 | 615 |
| 51 | 559 |
| 56 | 214 |
| 51 | 559 |
| f65 | 205 |

1. JUDGMENTS, ORDERS AND DECREES—*Final—Adjourned Term of Court.*

    When a circuit court being about to end, without dispatching all its business, is adjourned, by the judge thereof, to a future day, by an order entered of record, as provided in section 4 of chapter 112 of the Code, all judgments, orders and decrees, rendered and made by such court before or during the day on which such court adjourns to such future day, become final on such adjournment as if the adjournment itself were final, and cannot be set aside at the adjourned term.  (p. 562).

2. ERROR—*Cross Assignment.*

    On an appeal or writ of error, the whole record is before the court, and it will reverse the proceedings in whole or in part, if prejudicial error thereon is perceived against the appellant or defendant in error, and such error may be cross-assigned. (p. 564).

3. PARTITION—*Judgment Creditors—Exception—Sale.*

    Judgment creditors and other incumbrances are not necessary parties to a bill for partition, even where a sale of the premises is decreed, unless they be creditors of a deceased person who was a tenant in common, joint tenant, or coparcener. In other cases it is proper to sell the land subject to the liens. (p. 567).

4. PARTITION SALE—*Rights of Co-tenants—Reversible Error.*

    It is the duty of the court, before decreeing a sale in a partition suit, to judicially determine the rights and interests of the co-tenants in the land, and failure to do so is ordinarily reversible error.  (p. 568).

5. PARTITION SALE—*Confirmation Without Objection Cures Error.*

    When real estate is sold in such suit, without a judicial ascertainment of the interests of the parties, and is purchased by a co-tenant who never appeared in the cause, nor in any way aided in bringing the property to sale, and the sale is confirmed without objection, his title is protected by section 8 of chapter 132 of the Code, notwithstanding the error in the decree of sale, and the co-tenant parties must resort to the fund arising from the sale.  (p. 568).

Appeal from Circuit Court, Webster County.

Action by Anna Childers against J. W. Loudin and others. Decree for plaintiff and defendants appeal.

*Reversed and Remanded.*

W. T. TALBOT, E. A. BRANNON, and J. M. HOOVER, for appellants.

LYNN & BYRNE and J. S. COGER, for appellee.

POFFENBARGER, JUDGE:

Hezekiah Sargeant died in June, 1885, being then the owner of a tract of land situated in Webster County, containing one hundred and eighty-eight acres which he disposed of by will, devising to his wife, Anna Sargeant, one-third of it and to his three sons, Granville, Melville and Perry, and his daughter, Lydia Conrad, the other two-thirds to be equally divided among them except that Lydia Conrad was to receive one hundred dollars less out of the real estate than the sons were each to receive, and the will further provided that there should be paid Cora Sargeant, the testator's grand-daughter, one hundred dollars when his real estate should be sold. Sometime afterwards Granville Sargeant died intestate without having disposed of his interest in the land and without leaving any children or widow surviving him. His father had been twice married and Perry Sargeant was his half-brother while Melville Sargeant and Lydia Conrad were his full brother and sister and Anna Sargeant was a step-mother. Hence, Anna Sargeant took no part of his interest in the land and Perry Sargeant, being only his half-brother, inherited only one-half as much of his interest as Melville Sargeant and Lydia Conrad. Granville Sargeant's interest in the whole tract of land under the will having been one-sixth, Lydia Conrad inherited two-fifths of said one-sixth or two-thirtieths of the whole tract. Before the death of Granville Sargeant, Lydia Conrad conveyed to Perry Sargeant the one-sixth which was devised to her, but she never disposed of the two-thirtieths which descended to her from Granville Sargeant, but, before the bringing of this suit, she died and said two-thirtieths descended to her children, Rosa M. Gillispie, Hetty Conrad, Geo. P. Conrad, John B. Conrad and Clevor O. Conrad; the last four of whom are infants, who are made parties to the amended bill filed in this cause and for whom a guardian *ad litem* was appointed and filed an answer. Melville Sargeant conveyed his interest by devise, descent and purchase to G. M. Fleming, trustee, to secure a debt. Fleming afterwards sold the land and it was purchased by said Loudin but Fleming retained a lien

upon it for the purchase-money. Afterwards Fleming caused the said Perry Sargeant interest to be sold to satisfy said vendor's lien and it was purchased by John N. Johnson, so that Johnson and Loudin became the owners of all the two-thirds not devised to the widow except the two-thirtieths which belonged to the children of Lydia Conrad. Anna Sargeant, who afterwards married William N. Childers, conveyed to J. W. Loudin her one-third retaining a vendor's lien upon it which she afterwards enforced and re-purchased her said one-third. Then she brought this suit for partition of the land and for sale of the land in case it should prove to be not susceptible of partition, averring in her amended bill that the one hundred dollars bequeathed to Cora Sargeant is not a charge upon her one-third of the land and that she is not responsible for the payment of any part of said one hundred dollars. Cora Sargeant filed her answer claiming that she has a valid lien upon the whole of the real estate for the said sum of one hundred dollars showing that she has not been a party to any suit, sale or conveyance affecting the land and praying that it may be sold and said sum of one hundred dollars, with interest, be paid to her out of the proceeds. J. W. Loudin filed his answer to the original bill and amended bill averring that the character of the land was such that the interest of all parties would be best subserved by a sale of the land. The infant defendants answered by their guardian *ad litem*. Depositions of three witnesses were taken, whose evidence tended to show that the land was not susceptible to partition and that it would be to the interest of the infant defendants as well as all others to have the land sold. John N. Johnson filed no answer but it appears that he had not paid all the purchase-money due on his interest and that a suit in chancery was pending against him and his surety for the collection of that money and the two causes were consolidated and heard together and, on the 4th day of April, 1899, a decree was entered in the consolidated causes directing a sale of all of the land, it being recited in the decree that partition could not be conveniently made, that the interest of the infant defendants would be promoted by the sale and that all of the adult parties had consented to such sale. The sale having been made and reported another decree was entered on the 5th day of August, 1899, confirming the sale, J. N. Johnson being the purchaser of the land. This decree recites that there were no exceptions

to the report of sale and refers the cause to a commissioner to ascertain and report the true owners of the respective interests in said land and who are entitled to the proceeds of the sale together with the proportions in which each of said persons shall receive said money, and the liens existing against any of the several shares together with the amounts and priorities thereof and any other pertinent matters. The land sold for five hundred and fifty-six dollars. On the 13th day of September, 1899, the court, a special judge sitting, set aside said sale and the decree confirming the sale and ordered a re-sale of the land, it appearing by the order then entered that exceptions to the report of sale were filed and also an upset bid for six hundred dollars made by W. L. Harper with sufficient guarantors. It does not appear when the exceptions were endorsed but the bid is dated September 12, and as the exceptions refer to the bid the presumption is that they were made at the time of the filing of the upset bid more than a month after the sale had been confirmed. After confirming the sale on the 5th day of August, 1899, the court continued to sit until the 11th day of August and then adjourned until the 12th day of September, next, ordering a petit jury to be drawn to attend on that day. So the order setting aside the sale and decree confirming the sale was entered at the adjourned term. Johnson, the purchaser, appeals insisting that the court was without jurisdiction to set aside the sale and the order confirming it.

Section 4 of chapter 112 of the Code, providing for the adjournment of the holding of a court to a future day when its term is about to end without dispatching all its business, as was done in this case, contains the following clause: "All judgments, orders and decrees, rendered and made by such court before or during the day on which said court adjourned to such future day, as aforesaid, shall have the same force and effect in all respects as if said court had finally adjourned on that day." This statute has been construed in the case of *Wikes* v. *Railroad Co.,* 14 W. Va. 157, in which it is held that by force of said statute the terms of the court as to a judgment rendered by it before or during the day on which such adjournment becomes final is ended, it is not competent for the court or the judge thereof at the adjourned term or any other subsequent term to receive a bill of exceptions and sign it and make it a part of the record in the cause. This case was cited with approval in

*Amos* v. *Stockert,* 47 W. Va. 119. It is well settled that a cause cannot be reheard and that a court cannot ordinarily set aside a final judgment or decree after the expiration of the term of court, at which the judgment or decree was rendered. While the term continues the cause may be reheard upon petition and the decree may be set aside, but after the expiration of the term a cause can only be reheard upon a bill of review. *Hodges* v. *Davis,* 4 H. & M. 400; *Laidley* v. *Merrifield,* 7 Leigh 353; *Carper* v. *Hawkins,* 8 W. Va. 291-301; *Crawford* v. *Fickey,* 41 W. Va. 544. The decree confirming the sale made in this cause on the 5th day of August, 1899, was a final decree, as to the purchaser, J. N. Johnson. His proposal of purchase made to the commissioner and by him reported to the court was accepted by that decree and the sale was confirmed and a writ of possession was awarded the purchaser. This vested in the purchaser the title to the land. *Childs* v. *Hurd,* 25 W. Va. 530. It is also well established that the purchaser, at a judicial sale upon complying with the terms thereof, becomes a party to the suit from the day of his purchase and in all subsequent proceedings in regard thereto is entitled to a hearing upon the question whether the sale shall be set aside and, if the court erred in setting aside the sale, the purchaser has the right to appeal. *Childs* v. *Hurd,* cited; *Delaplaine* v. *Lawrence's Adm'r.,* 10 Paige 602; *Blossom* v. *Railroad Co.,* 1 Wall. 655; *Curtis* v. *Thompson,* 29 Grat. 494; *Kable* v. *Mitchell,* 9 W. Va. 492; *Hughes* v. *Hamilton,* 19 W. Va. 366; *Camden* v. *Haymond,* 22 W. Va. 180; *Tally* v. *Starke's Adm'r.,* 6 Grat. 339; *Marling* v. *Robrecht,* 15 W. Va. 440. It is further held, however, in *Childs* v. *Hurd,* and in *Bank* v. *Jarvis,* 26 W. Va. 785, that where a court sets aside a sale and directs the property to be re-offered for sale before the sale has been confirmed the purchaser cannot appeal until after the resale has been made and confirmed. In such case the purchaser obtains no fixed interest in the land. Until confirmation of the sale he acquires neither possession nor title and the order setting aside the sale does not deprive him of either possession or title. *Hartley* v. *Roff,* 12 W. Va. 401; *Cook's Arm'x.* v. *Gilpin,* 1 Rob. 39; *Crews* v. *Pendleton,* 1 Leigh 297; *Heywood* v. *Carrington,* 4 Leigh 373; *Taylor* v. *Cooper,* 10 Leigh 317; *Hudgins* v. *Marchants,* 28 Grat. 177. But this case does not fall within that principle for here the sale to Johnson was confirmed and title vested in him. The order setting aside the decree of con-

firmation and the sale is certainly erroneous and probably absolutely void.  As the court is without power to set aside its judgment or decree after the expiration of the term except upon a bill of review or other proper proceeding, and the statute provides that in case of an adjournment, such as was taken in this case, the judgment and decrees rendered and made on or before the day of adjournment shall have the same force and effect as if the court had finally adjourned on that day, it follows that the court could not, at such adjourned term, set aside the decree of confirmation and the sale upon the mere filing, at such adjourned term after the confirmation of the sale before the adjournment, exceptions to the report of sale and an advance or upset bid.  This is so manifest that counsel for appellees do not undertake in their brief to uphold the action of the court in so doing.  The only persons appearing as appellees are the infant defendants and they content themselves with the argument of their cross-assignment of error, insisting that the court erred in decreeing a sale of the land without having first ascertained the liens thereon and their priorities and the respective interests of the claimants to the land.  It is to be noted here that the court below has not disturbed the decree of sale.  That decree remains in full force and the court has only ordered a re-execution of the order of sale.  From this it must be inferred that no application has ever been made to the court below by petition, bill of review or otherwise to correct any error it may have committed in entering the decree of sale.  That decree, in the absence of a showing of fraud, cannot be set aside at the instance of any of the adult parties because, as to them, it is a consent decree.  Hence, the infant defendants are the only persons who can complain of it.  Rule ten of the Supreme Court provides that on an appeal or a writ of error the court will consider the whole record as being before it and will reverse the proceedings in whole or in part, if error is perceived against the appellant or defendant in error, and it authorizes the appellant or defendant in error to cross-asign as to any error in the record which is prejudicial to him.  Under this rule as well as upon reason and principle it is proper for the infant defendants to cross-assign error in the decree of sale, although no petition for rehearing nor bill of review had ever been filed for the correction of error in said decree.  This view is reinforced by the principle laid down in *Lafferty* v. *Lafferty,* 42 W. Va. 783, that on application

in any form showing cause against a decree by an infant the whole record will be examined to find such error just as on an appeal by an adult.

.It remains now to determine whether there is error in said decree and, if so, whether it is prejudicial. It is not enough that the decree is erroneous. The error must be such as to prejudice the rights of the party complaining of it or the decree will not be reversed. *Clark* v. *Johnson,* 15 W. Va. 804. It does not appear from the record that there are any creditors holding liens upon any of the interests in the property except Fleming and Cora Sargeant. As to the debt due Fleming, commissioner, the court ascertained and fixed the amount of his lien upon the interest formerly belonging to Perry Sargeant at the date of the decree and declared it to be a lien upon that interest. As to the one hundred dollars due Cora Sargeant, the decree of sale is silent and in lieu of settling and fixing the amount of that charge and ascertaining the interests of the various parties in the land the decree contains the following provision: "The court will, upon the coming in of the said report of sale, settle the right of all the other parties as to the said proceeds of sale, decree as to costs and provide for the investment of the interest of said infant defendants according to law." The amount due Cora Sargeant differs in its status from a lien acquired by a creditor of one of the co-tenants upon his interest in the land. It is a sum given to her by the testator to be paid to her when the real estate of said decedent should be sold, and it is claimed by her that by virtue of this provision of the will it was made a charge upon the whole of said tract of land. However, it is still only a lien upon the land according to her contention. It is well settled that in creditors' suits it is error to decree a sale without first ascertaining the amounts and priorities of the liens and the respective interests of all the parties in the subject matter. *Livesay* v. *Jarrot,* 3 W. Va. 283; *Rorer* v. *Travers,* 11 W. Va. 147; *Marling* v. *Robrecht,* 13 W. Va. 440; *Scott* v. *Ludington,* 14 W. Va. 387; *Payne* v. *Webb,* 23 W. Va. 558; *Pickens* v. *Dent,* 50 W. Va. 382, (40 S. E. R. 512). But it is held generally by the courts that partition never affects the interest of third persons and that creditors have no concern with it and that if they are made parties to the suit it will be dismissed as to them. *Stevens* v. *McCormick,* 19 S. E. 742; 2. Rob. Pr., Old, 14; *Watton* v. *Copeland,* 7 John Ch.

140; *Agers* v. *Fairfax*, 17 Vesse. 533; 2 Jones Real Prop. Convey. s. 1996; *Espella* v. *Touart*, 96 Ala. 137; *Shivers* v. *Hand*, 50 N. Y. Eq. 231; 17 Am. & Eng. Ency. Law, 783; 15 Ency. Pl. & Pr. 796. But actual partition does not disturb the liens of creditors. Upon actual partition the lien of a creditor upon an undivided interest is transferred by the partition from the undivided portion of the whole premises to the whole of the part set off to the tenant against whose portion the lien was charged. 17 Am. & Eng. Ency. Law 783, *Wright* v. *Strawth*, 76 Va. 857, 2 Jones Real Prop. Convey. s. 1996. And where the lien attaches to the whole of the real estate it remains a lien upon all of it after partition if the lienor is not made a party to the suit. 17 Am. & Eng. Ency. Law, 783. But where the lienor is made a party to the suit his claim must still remain a lien upon the property unless, by some means, it is satisfied and paid off or provided for, for the court has no power to arbitrarily deprive a creditor of his lien or of his debt merely to enable it to make partition of the land among its owners. And where there is actual partition and the land is not converted into money the court has no means of paying off the lien and it would be inequitable and injurious to refuse partition merely because the lien cannot be released.

Where, from insusceptibility of partition, the land must be sold, reason suggests that lien-holders should be made parties and the payment of the amounts due them, according to priority, provided for in the decree of sale. Analogy to the principles governing sales in creditors' suits would lead to that result. But it seems not to be the law. Many authorities hold that, in the absence of statutory provisions requiring lien-holders to be parties, the land must be sold subject to the liens. "But when, instead of a partition, a sale of the property is ordered, it is evident that some means must be devised for the adjustment of the conflicting interests of the lien-holders and of the purchasers at the sale. Even where a sale is sought, lien-holders are not, in the absence of statutory provisions to the contrary, necessary parties defendant; because they cannot be affected by such sale. The business of the court is not to draw into discussion various and conflicting rights and equities of incumbrancers. The property is divided *cum onere*. The true rule is no persons are to be made parties except those having a present interest in the premises." Freeman on Cotenancy and Partition,

s. 479. "Judgment creditors and other incumbrancers are not proper parties to a bill for partition, even where a sale of the premises is decreed; and where they were made parties, in such case, by a supplemental bill, *held*, that the bill should be dismissed." *Sebring* v. *Mersereau*, 9 Cowen (N. Y.) 344. *Halsted* v. *Halsted*, 55 N. Y. 442, holds, that creditors should be made parties, but that is because of a statutory provision, passed after the decision of the former case, authorizing such procedure. That lien-holders cannot be made parties, even where land is to be sold, is held in *Wotten* v. *Copeland*, 7 John. Chy. (N. Y.) 140; *Harwood* v. *Kirby*, 1 Paige (N. Y.) 469; *Thruston* v. *Mink*, 32 Md. 572; *Owsley* v. *Smith*, 14 Mo. 153; *Stephens* v. *McCormick*, cited; *Espella* v. *Touart*, 96 Ala. 137. To sell the land subject to liens without ascertaining their amounts and to whom due appears to be glaringly inequitable and disadvantageous to both owners and lien creditors. At the sale they bid for the protection of their interests under uncertainty as to their rights and interests in the same sense, and in some cases, to the same extent as where land is sold in a creditor's suit. All the reason and equitable principles that require a determination, before sale of the lands, of the amounts and priorities of the liens in creditors' suits, apply with equal force here. And it is difficult to conceive of any good reason why they should not be applied where real estate is sold in a partition suit. Some delay would be occasioned the owners of the land but not more than occurs in other suits in which substantial interests in the property to be sold must await the determination of matters which may be necessary to an advantageous sale. But it must be remembered, that, in respect to creditors' suits, the legislature has expressly provided that all lien-holders shall be made parties. Section 7 of chapter 86, Code; section 7 of chapter 139, Code. As to partition suits, such provision has not been made except to a very limited sense. That is a clause in section 3 of chapter 79 of the Code which requires the court, in making distribution of the proceeds of sale, to take "care, when there are creditors of any deceased person, who was a tenant in common, joint tenant, or coparcener, to have the proceeds of such deceased person's part applied according to the rights of such creditors." Until the legislature shall make further provision, the well settled rule that sale in partition suits may be made subject to liens upon the whole of the land, or

upon interests of some of the respective owners thereof, must be applied, in the absence of judicial legislation on the subject.

As has been shown, the court failed to determine and fix, before the sale of the land, the respective rights and interests of the parties in the property. That a decree of sale under such circumstances is erroneous is established by an abundance of authority. 17 Am. & Eng. Ency. Law, 748; 15 Ency. Pl. & Pr. 809; *Stephens* v. *McCormick,* 19 S. E. 743. However, the sale cannot be set aside for this error. The sale was confirmed without objection and there is no error in the decree of confirmation. Hence, section 8 of chapter 132 of the Code protects the title of the purchaser. While Johnson, the purchaser, is a party to the suit, it does not appear that he, in any way, encouraged or sought to bring about, the sale of the land, and it cannot be said that he was the moving cause of the sale. The sale is not more beneficial to him than to his co-tenants and he does not stand in the situation of a creditor who has caused the land to be sold for the satisfaction of his debt and purchased it at the sale. Although a defendant and one of the owners, he did not even file an answer in the partition suit. This being true, the principle announced in *Martin* v. *Smith,* 25 W. Va. 585; *Dunfee* v. *Childs,* 45 W. Va. 155; *Buchanon* v. *Clark,* 10 Grat. 164; *Galpin* v. *Page,* 18 Wall. 350, does not apply. In all those cases the purchasers whose titles were held not to be within the protection of the statute were persons who were benefitted by the erroneous decrees and who had been instrumental in procuring the sale. In *Dunfee* v. *Childs,* it is said: "Merely being a party would not alone disturb his purchase, but, if the decree goes to his benefit, it is otherwise. The same reason does not exist for protecting him as an innocent third person. He moves the proceeding."

As the sale cannot be set aside, and the fund arising from the sale is still in the hands of the court, and the parties complaining of the error in the decree of sale must now look to that fund alone, it would be useless to reverse the decree. Upon such reversal, nothing could be done except to give them their interest in the proceeds of the sale and that can be done without a reversal of the decree. While the decree is erroneous, it is not, under the circumstances, prejudicial.

For the reasons hereinbefore given, the decree setting aside the sale and confirmation and ordering the land to be resold,

must be reversed and the cause remanded for further proceedings according to the rules and principles governing courts of equity and the directions herein given.

*Reversed.　Remanded.*