## CHARLES A. MASON

### v.

## WILLIAM H. MASON et al.

*Opinion filed February 21, 1906.*

1. PLEADING—*conclusions of law are not admitted by demurrer.*
A demurrer to a bill for partition does not admit the legal conclu-
sion of the complainant that he is a tenant in common with the de-
fendants, where the facts alleged in the bill do not sustain such
conclusion.

2. TRUSTS—*when trust is active.* Where the trustee holds the
legal title for the benefit of the *cestui que trust* for life, with power
to sell the land and loan or re-invest the proceeds and pay over the
income to the *cestui que trust* at such times as the trustee may deem
best, the trust is an active one and is not executed by the Statute
of Uses.

3. SAME—*when deed by trustee cannot be set aside.* A deed by a
trustee having power and authority to make the same cannot be set
aside at the suit of the *cestui que trust,* in the absence of any alle-
gation in the bill of fraud or collusion or that the property was not
sold for its full value.

4. PARTITION—*what interest in land will not justify partition.*
One entitled to the income for life from an undivided one-third of
land held in trust for him by a trustee, who has power to sell such
one-third interest at his discretion and loan or invest the proceeds
and pay the income to the *cestui que trust,* has no such interest as
authorizes him to maintain a bill to partition the land.

APPEAL from the Circuit Court of McLean county; the
Hon. COLOSTIN D. MYERS, Judge, presiding.

Appellant, Charles A. Mason, filed a bill in the circuit
court of McLean county for partition of 240 acres of land,
claiming an undivided one-third in the whole of said prem-
ises. The bill as filed was demurred to and the demurrer
was sustained by the chancellor and a decree entered ac-
cordingly, from which decree this appeal is prosecuted to this
court.

The bill sets up a will and two codicils thereto attached,
which were probated in said county; also two deeds subse-

219—39

quent to the will, both made on the same day, one conveying the undivided one-third of the property in question to William H. Mason in trust for the complainant, and the other conveying an undivided two-thirds to the complainant's two brothers, Samuel B. and William H. Mason, in fee. The allegations of the bill, or so much of the same as will be necessary to be considered by this court, are, in substance, as follows:

"Your orator, Charles A. Mason, of, etc., respectfully represents that Solomon Mason, the father of your orator, now deceased, was at the time of his last will and testament, and also at the time of his death, seized in fee simple and possessed of all the following described real estate (describing the same); that on August 14, 1879, Solomon Mason made and published his last will and testament in due form, etc.; that on July 28, 1880, he made a codicil to said will, and September 29, 1880, added a second codicil." The bill then sets out the whole will at length, a part of which is as follows: "In case I survive my said wife, I give and bequeath unto my sons Samuel B. Mason, William H. Mason and Charles A. Mason all of my personal estate of every nature whatever, after the payment of all my just debts, funeral and other necessary expenses." The first codicil, as set out, is as follows:

"I, Solomon Mason, of the town of Downs, in the county of McLean and State of Illinois, do hereby make this codicil, to be taken as a part of my last will and testament, as follows: That is to say, whereas by the dispensation of Providence my wife, Elizabeth Mason, departed this life on the 15th day of February, in the year of our Lord 1880; and whereas, I had expected that my then youngest children would have the care of my wife after my death, and in consideration thereof I have provided in my will a compensation therefor, and by reason of her death I do now give and bequeath to my sons George Mason, John W. Mason and Daniel W. Mason the sum of $350 each, and to my daughters,

Eliza M. French, Mary Miller and Sarah M. Horine, the sum of $350 each, and to the heirs of Amos Mason, deceased, the sum of $350, to be divided equally between said children. These several sums are in addition to the bequest provided for them by the will. These several sums to be paid by my executor out of my estate. I here revoke and make void all that part of my said will making provision for my said wife, and I now devise and give the same property to my three youngest sons, Samuel B. Mason, William H. Mason and Charles A. Mason; and I hereby modify my said will in this, that the estate and title given by the will and this codicil to my son Charles A. Mason shall be vested on my death in my son William H. Mason for the use and benefit of my said son Charles A. Mason, that is to say, that I hereby appoint my son William H. Mason trustee to hold said property in trust for the use of my said son Charles A. Mason, and vest in him the title to said estate so given to my son Charles A. Mason, the said trustee to pay to the said Charles A. Mason the rents, profits and income from the same at such time or times as the prudence and judgment of the trustee and the advice of my son Samuel B. Mason may deem right and proper. I further desire that in case my said son Charles A. Mason may have children born unto him, that said estate on the death of the said Charles A. Mason shall vest in said children and that same be turned over to them, or if minors, to their lawful guardian or guardians, and the same to vest in said children absolutely, and in case of the death of my said son Charles A. Mason without issue, that the said trustee, out of said estate so held by him in trust, pay to the trustees of Westfield College, located in Clark county, in the State of Illinois, for the use and benefit of said college, the sum of $500, and that the residue of said estate be divided equally between my two sons Samuel B. Mason and William H. Mason. I further desire that said trustee shall not be required to give bonds unless the said estate shall be in danger of loss."

The second codicil which was made by the testator is as follows:

"I, Solomon Mason, of the town of Downs, in the county of McLean and State of Illinois, do hereby make this second codicil, to be taken as a part of my last will and testament, and the codicil heretofore made, that is to say, that I hereby authorize my said son William H. Mason, trustee of Charles A. Mason, to sell and dispose of any and all property devised to the said Charles A. Mason at any time said trustee shall deem the sale of the same, or any part thereof, advisable, and to re-invest or loan the proceeds of such sale, or sell, as he may deem for the best interests of said Charles A. Mason."

The bill further alleges that on June 21, 1881, Solomon Mason and Samuel and William Mason made and executed three certain contemporaneous agreements which were filed for record in said county, the first being:

"This indenture witnesseth, that the grantor, Solomon Mason, of the town of Downs, county of McLean and State of Illinois, for and in consideration of the sum of $50 in hand paid, convey and warrant to William H. Mason, of the county of McLean, the following described real estate, to-wit: The undivided one-third of the west half of the south-east quarter of section seven (7), and the west half of the north-east quarter and the east half of the north-west quarter of section eighteen (18), in township twenty-two (22), north of range 3, east of the third principal meridian, in trust for Charles A. Mason, to pay to him, the said Charles A. Mason, the net income from the same over and above repairs and taxes, with full power to the said William H. Mason to sell said lands and either loan the money or invest the same in other lands. This deed is made subject to a life lease this day made by the said party of the second part to the said party of the first part, situated in the county of McLean, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State."

The second agreement is as follows:

"This indenture, made and entered into this 21st day of June, 1881, by and between Samuel B. Mason and William H. Mason, of the county of McLean and State of Illinois, parties of the first part, and Solomon Mason, of the same county, party of the second part, witnesseth the agreement as follows, that is to say, the said party of the second part has this day conveyed to the said party of the first the west half of the south-east quarter of section seven (7), and the west half of the north-east quarter and the east half of the north-west quarter of section eighteen (18), in township twenty-two (22), north, range 3, east, situated in the county of McLean and State of Illinois. And in consideration of the said conveyances which are hereby referred to and made a part thereof, it is agreed that the said Solomon Mason is to retain the use and occupation of said land, as heretofore, during his natural life, with the right to the said party of the first part to make any and all necessary improvements thereon. It is further agreed that this instrument is to be taken and considered as being the said Solomon Mason a life estate in and to the said lands, and the deed this day made by him is to be construed with reference to this lease. This instrument is made subject to my last will and the codicil thereto attached."

The bill further avers that on March 22, 1892, Samuel B. Mason and wife and William H. Mason and wife, and William H. Mason as trustee of Charles A. Mason, executed a deed of conveyance to Eli Maxwell for 40 acres of the property in question, and on November 1, 1893, William H. Mason and wife conveyed to Samuel B. Mason the undivided one-third interest of 160 acres; and further avers that William H. Mason on the same date, as trustee of Charles A. Mason, executed a deed to Samuel B. Mason for an undivided one-third interest of the same 160 acres; that on February 28, 1895, Eli Maxwell conveyed the 40 he purchased to Emery Armstrong and Thomas Armstrong; that on July 13, 1902, William H. Mason and wife, by two deeds, one as

trustee and the other for said Mason's own interest, conveyed to Samuel B. Mason the other 40 acres, and alleges that the real estate so conveyed was all the property owned in common by the parties to the suit; further shows that Elizabeth Mason died on February 15, 1880; prays that the deeds of Samuel B. and William H. Mason, as trustee, to Maxwell be declared null and void and be set aside, and that the deeds to William H. Mason in person and as trustee to Samuel B. Mason be declared null and void and set aside, and that a partition of the premises be made among the several parties according to their rights and interest.

S. P. ROBINSON, and D. D. DONAHUE, for appellant.

BARRY & MORRISSEY, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

It will be seen from the above statement of facts that Charles A. Mason claims title to the undivided one-third interest of said land by reason of the will and codicils of his father or by the deed executed by his father to his brother, William H., in trust. In the view we take we deem it unnecessary to discuss the question as to which of the instruments he obtained any interest in the property under, as in neither event would he have such an interest as would give him a right of partition.

Section 1 of the Partition act provides: "That when land, tenements or hereditaments are held in joint tenancy, tenancy in common or coparcenary, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by bill in chancery," etc.

Appellant contends that he is tenant in common with his two brothers, and so alleged in the bill; but the averment in his bill is a conclusion of law reached by the pleader and is not borne out by the allegations of fact alleged in the bill.

Conclusions of law set out in a bill by the pleader are not admitted on demurrer, as facts as alleged in the bill, and not conclusions of law, are what govern in determining whether or not a bill is good on demurrer. · Legal conclusions may be treated as surplusage. (12 Ency. of Pl. & Pr. 1028.)

The facts as recited in the bill do not show that appellant is interested in the property in question as a tenant in common or as a joint tenant. By neither the will of his father as modified by the codicils, nor by the trust deed from his father, Solomon Mason, to his brother William H. Mason, does appellant take any legal estate in the land described in the bill. By the will and codicils it is to be held by the trustee during the life of complainant, with power in the trustee to sell and convert the same and re-invest the fund and to pay to complainant the rents, profits and incomes from the same, at such time and times as the prudence and the judgment of the trustee and the advice of Samuel B. Mason (another brother of complainant) may deem right and proper, and upon the death of complainant leaving children him surviving, the fee or *corpus* is to go to them, and in default thereof, for other purposes designated in the will. By the trust deed the trustee is vested with the legal estate, with power to sell the land and either loan the money or invest the same in other lands, and to pay the net income from the same, above repairs and taxes, to appellant. The trusts imposed by both the will and the trust deed are active trusts, and not such as are executed by the Statute of Uses. Nor does appellant allege in his bill that there was fraud or collusion between his brothers, or that the property did not sell for its full value, which averments would be necessary in a bill to set aside the deeds, before the court would be warranted in setting them aside, if such was the prayer. (*Dickson* v. *New York Biscuit Co.* 211 Ill. 468.) Besides, if the deeds were to be held to be null and void, still appellant would not have such an interest, as shown by the facts in the bill, as would give him the right of partition. He would be left in the same position as he was

at his father's death, with the title to the property in William H. instead of in Samuel B., as it now stands, as there is no allegation in the bill nor a prayer asking that either the deed from his father to William H. in trust be declared null and void, or that the will and codicils be declared null and void or set aside or that the trustee be removed. It is true that there is an averment that the property was owned in fee simple by Solomon Mason, the father, at the time of his death; but as above said, this is simply a conclusion of the pleader and is not borne out by the facts as alleged in the bill.

Under this condition of the record the chancellor could not do otherwise than sustain the demurrer, and the decree of the circuit court is accordingly affirmed.

*Decree affirmed.*