# CHARLESTON.

## MARY D. HELMICK v. HELEN G. KRAFT:

Submitted April 29, 1919.   Decided May 6, 1919.

1. PARTITION—*Bill—Sufficiency.*

   In a bill for partition, it suffices to allege facts from which the state of the title to the property, the number of owners and their respective interests appear by necessary implication. There need not be formal allegations of the seizin of the parties interested and the shares to which they are entitled.  (p. 160).

2. SAME—*Infant Defendant—Guardian.*

   The guardian of an infant party to such a suit is not a necessary party, even though sale of the property is necessary to effectuation of the partition.  (p. 361).

3. SAME—*Necessary Parties—Husband of Defendant.*

   Nor is the husband of a female coparcener a necessary party to such a suit, unless he has some interest in the land other than his contingent right of curtesy.  (p. 361).

4. SAME—*Parties—Lien Creditors—Trustees' Deeds of Trust.*

   Lien creditors of the cotenants, holding liens on the whole of the property, or of one or more of them, holding liens on one or more undivided interests, are not necessary parties to such a suit, nor are the trustees in deeds of trust creating such liens, or mortgagees not in possession.  (p. 361).

5. SAME—*Parties—Sale—Statute.*

   Sec. 3 of ch. 79 of the Code authorizes a sale, in a partition suit, of property insusceptible of convenient division in kind, when such sale will be promotive of the interest of the owners, subject to the liens thereon, if any, except in the case of the interest of a deceased cotenant on which there are liens, and contemplates such sale, wherefore lien creditors of living cotenants are never necessary parties, unless there are circumstances pertaining to the liens, which constitute an impediment to a fair sale.  (p. 163).

6. SAME—*Lien Debts—Assumption by Purchaser.*

   In such case, the purchaser does not assume the lien debts. He merely takes the property subject to the debts.  (p. 163). .

7. SAME—*Proceeds of Sale—Distribution.*

   If one of two coparceners has encumbered his interest, the court, in distributing the proceeds of sale, may decree to the other an amount out of the proceeds equal to the debts on the encum-

bered share and then divide the residue thereof equally between them. (p. 165).

8. SAME.

The allowance to the owner of the unencumbered share, to equalize him, may be made out of the cash payment, if sufficient, when only a part of the purchase money has been paid in cash. **(p. 165)**

9. SAME—*Report of Commissioners—Sale—Decree.*

In the absence of evidence to the contrary the report of commissioners appointed to make partition, saying the interests of the parties will be promoted by a sale of the property, after having found it to be insusceptible of division in kind, justifies a decree of sale. (p. 165).

Appeal from Circuit Court, Harrison County.

Bill for partition by Mary D. Helmick against Helen G. Kraft, an infant, etc. From a decree ordering a sale, defendant appeals.

*Affirmed and remanded.*

*Law & McCue,* for appellant.
*Smith & Jackson,* for appellee.

POFFENBARGER, JUDGE:

On this appeal from a decree in a partition suit, ordering a sale of real estate for insusceptibility of division in kind, the entire procedure is assailed, the bill as to its sufficiency on its face, the status of the case as to parties and the final decree.

Following the form prescribed by Hogg's Equity Procedure, sec. 967, and fully measuring up to the requirements of the standard prescribed in *Richmond* v. *Richmond,* 62 W. Va., 206, and *Martin* v. *Martin,* 95 Va., 26, the bill is amply sufficient, and the court properly overruled the demurrer. Describing the property in general terms, it alleges that Owen Kraft died seized and possessed thereof and intestate, August 3, 1911, and that the plaintiff and defendant are his only children and heirs at law. It was not necessary formally to allege that the parties were seized and possessed of the property as coparceners, each owning an undivided half thereof. The language of the bill necessarily implied all of

this, and, by necessary implication, set it forth with sufficient certainty.

To sustain the theory of lack of parties, averments of the answer and the amended and supplemental answer are invoked. These averments are that the defendant, an infant, has a duly appointed and qualified guardian; that the plaintiff is a married woman having a husband living within the jurisdiction of the court; and that the plaintiff's undivided interest in the property is encumbered by several deeds of trust in which her husband joined, two of them securing debts amounting to $4,000.00, held by J. E. Law, assignee of Nicholas Levingood; one securing two debts to Richard D. Mayo, amounting to more than $3,900.00; and one securing a debt of $2,000.00 held by the Bank of Jane Lew. In the deed of trust securing the Levingood debts held by Law, Harvey W. Harmer is trustee. In the one securing the Mayo debts, J. E. Law is trustee. In the one securing the bank debt, Charles W. Louchery is trustee. When the cause came on to be heard upon the bill, answer, depositions and report of commissioners, the defendant protested against the entry of a decree and moved the court to require the plaintiff's husband, the defendant's guardian, the creditors and the trustees in the deeds of trusts to be made parties, but the motion was overruled and a decree entered, finding the property insusceptible of partition and a sale thereof advantageous to the parties interested, and ordering sale thereof to be made.

In the absence of a statute requiring the guardian of an infant to be made a party to a suit for partition of land in which the ward is interested, the guardian is not a necessary party thereto. In some states, statutes make the guardian a proper party. *Rudde* v. *Redenack*, 137 Mo. 179. It may be that a guardian can appear for an infant in such a suit. *Merriett* v. *Horne,* 5 O. St. 307, 67 Am. Dec. 298. Notwithstanding the guardian's right of possession and control of his ward's real estate, there is no suggestion in any of the decisions of this court or the courts of Virginia, of the necessity of making him a party to a partition suit, nor do the text books, in dealing with the subject of procedure in such suits,

suggest it.   30 Cyc. 207, 213; 16 Ency. Pl. & Prac. 783 to
795; 20 Stand. Ency. Pro. 1015.

By the common law, a husband has an estate in his wife's
land.   The rents, issues and profits thereof belong absolutely
to him.   He, therefore, has the legal possession of the land.
By statute, this estate has been abolished.   The husband now
has only a contingent right.   If he survives the wife and his
curtesy has not been barred or relinquished in some way, he
becomes, after her death, the owner of the land of which she
dies seized and possessed, for his life.   If her land is legally
disposed of in her lifetime, he has no estate in it at all.
*Calvert* v. *Murphy*, 73 W. Va. 731; *Hudkins* v. *Crim*, 64 W.
Va. 225.   The element of contingency, therefore, enters more
fully into this estate than the estate known as dower.   A
husband having a common law right of curtesy is obviously
a necessary party to a suit for partition, because he has an
estate in the land and right of possession.   *Benzer* v. *Ter-
williger*, 48 App. Div. (N. Y.) 371; *Spring* v. *Sanford*, 7
Paige, (N. Y.) 550.   But, in those states in which the estate
by the curtesy has been rendered wholly contingent by stat-
utory modification of the common law, it is generally held
that the husband is not a necessary party to a suit for parti-
tion of land in which his living wife is interested.   *Cochran*
v. *Thomas*, 131 Mo. 258; *Barnes* v. *Blake*, 59 Hun. (N. Y.)
371; *Estes* v. *Nell*, 140 Mo. 639; *Brown* v. *Stevens*, 159 N.
W. 206.   And, by the decided weight of authority, a wife
having only a contingent right of dower is not a necessary
party, even though a sale of the land be necessary.   *Haggerty*
v. *Wagner*, 148 Ind. 625; *Warren* v. *Twilley*, 10 Md. 39;
*Weaver* v. *Gregg*, 6 O. St. 547.   The power of sale given by
the statute extends, by its express terms, to interests owned
by infants, insane persons and married women; but there is
not a word in it, indicative of purpose to require either the
guardian or the husband to be made a party; and it was
passed with legislative knowledge that the owners of merely
contingent rights were not necessary parties to partition
suits, of course.   Ordinarily a wife cannot convey her real
estate without the consent of her husband, but the statute
imposing or retaining this restraint, has no application to

judicial sales, and the two statutes dealing with different subjects must be allowed operation and effect accordant with their respective terms.

In some states, partition is treated as a part of the settlement and distribution of the estate of a decedent and falls under the jurisdiction of the probate courts. 30 Cyc. 312, 20 Stand. Ency. Pro. 1073. The statutes authorizing such procedure generally, if not always, require all interested persons to be made parties, and, of course, lien creditors and mortgagees are included. *Barr* v. *Barr,* 273 Ill., 621; *Munroe* v. *Luke,* 19 Pick. (Mass.) 339; *Metcalf & Simpson* v. *Hoopingardner,* 45 Ia. 510; *Loomis* v. *Riley,* 24 Ill. 307. Decisions founded upon such statutes obviously have no bearing upon the present inquiry. In those instances in which the question of parties is determinable by the rules and principles of law and equity procedure, lien creditors, including mortgagees out of possession, are not regarded as necessary parties. *Childers* v. *Loudin,* 51 W. Va., 559; *Holley* v. *White,* 172 N. C. 77; *Whitton* v. *Whitton,* 38 N. H. 127; *Fuller* v. *Bradley,* 23 Pick. (Mass.) 1; *Eberts* v. *Fisher,* 44 Mich. 551; *McDougall* v. *McDougall,* 12 Grants Chy. (Can.) 267; *Thurston* v. *Minke,* 32 Md. 571; 30 Cyc. 209; 25 Ency. Pl. & Prac. 795.

If the statute authorizing sale of the property in any instance in which it is insusceptible of division in kind, sec. 3 of ch. 79 of the Code, required such sale to be made free of liens on the property, it might be necessary to bring in lien creditors, and the statute might properly be interpreted as impliedly requiring them to be brought in. Omission of the requirement of a sale free of liens, except in the case of sale of the interest of a deceasd cotenant, having liens thereon, is strongly significant of legislative purpose and intent. The provision for the discharge of liens in the exceptional case mentioned proves that the legislative mind went to the subject of incumberances, and, having done so, it stopped with provision for a single class of cases. Not having gone beyond this, the legislature is presumed not to have intended any further provision as to liens on the subject matter of the partition. The observations respecting this omission found

in *Childers* v. *Loudin*, 51 W. Va. 559, 567, must be read and considered in the light of the status of that case and the parties interested, as disclosed by the record brought up to this court. The property had been sold free of liens, no creditor was complaining and the purchaser's title had become unimpeachable. All of the persons interested, including the creditors, were parties and all of the adult parties had consented to the order of sale, wherefore, even though unnecessary or improper parties may have been made, there was no lack of jurisdiction to order the sale, for there was no lack of necessary parties. Strictly speaking, there was but one creditor and his debt had been ascertained. The only thing left undetermined was the status of a gift of $100.00 to one of the parties, payable on sale of the land, and it was insisted that the decree of sale and the decree of confirmation must be reversed and set aside, because its status had not been fixed before the sale was ordered. That $100.00 was to come out of some part of the proceeds of the sale, according to the donee's contention. It was virtually held in that case, that the statute did not contemplate a convention of the creditors nor a sale free of liens. That interpretation is adhered to. The omission of such a requirement may have been a wise one. Under some circumstances, it might be very disastrous to the interests of the cotenants to require a convention of creditors and enforce the sale of the property free of liens. The debts may be well secured, the creditors entirely satisfied with their securities and the cotenants unable conveniently to raise the money to discharge the liens. A sale of the land subject to the liens may, in many instances, be advantageous to a cotenant desiring to purchase the land, or to strangers wanting to bid upon it. A man may be able to pay for an equity of redemption, but unable to pay the entire value of the property. If creditors are brought in in every case in which a sale of the property is necessary, provision might have to be made for the payment of the debts. However this may be, such a statute cannot be properly interpreted as requiring convention of creditors and enforcement of liens. "If the estate is partitioned, the lien of the incumbrance fixed on an undivided part of it will, after the

division and allotment be confined to the particular share or part allotted to the party creating the incumbrance; and if the estate is sold, the purchaser will take it subject to the lien of the incumbrance upon the undivided share of the party against whom the mortgage or judgment was held before the sale.'' *Thurston* v. *Minke,* 32 Md. 571, 574; *Harwood* v. *Kirby,* 1 Paige, (N. Y.) 469. An equity of redemption is a proper subject of either a private or a judicial sale. And the existence of liens on property for certain and definite amounts constitutes no impediment to a fair sale. *George, Trustee* v. *Zinn,* 57 W. Va., 15. Nothing in the policy of the law, nor in any principle of economics renders it necessary to require a creditor to take his money when he does not want it and the debtor does not desire to pay it, or is unable to do so. It is contrary to the general policy of the law to require courts to do for citizens what they can do themselves. ''Courts were instituted to give relief in those instances in which there are differences, disputes, controversies, to settle. It is contrary to fundamental principles of law, to allow a man to have the aid of a court when his situation is such that he does not need it. The business of courts is to hear and determine controversies, not to make calculations for people or advise them in ordinary business transactions. For the purpose of allowing a useless and expensive proceeding, the law does not presume that, in cases of public sales, men will not ascertain for themselves plain, open and undisputed facts, nor that they do not have the capacity to do so. Neither will it be assumed that they are ignorant of the law, the facts being known, or presumed that men will not recognize each other's legal rights, or that controversies exist or will arise. These things must be made to affirmatively appear.'' *George* v. *Zinn,* cited.

The proceeds of the sale of the entire property, subject to liens on one of the two interests can be equitably distributed. If they are less than the liens on the encumbered half or barely equal thereto, they may be deemed to be the sale value of the unencumbered half, and the consideration paid for the equity of redemption of the other half may be deemed to have been merely nominal, wherefore the owner of the

latter half will have no share in them. If they exceed the lien debts, the owner of the unencumbered half may be awarded an amount out of them equal to the debts and the residue may be divided between the cotenants. And, in as much as the debtor has had money from the land equal to the debts, the other cotenant may be equitably awarded the cash paid on the purchase money to an amount equal to the debts, when only a part of the sale price has been paid in cash. This method of distribution will answer the requirements of equity and justice. There may be others equally fair and just. In such case, the purchaser is not required to assume the liens on the encumbered share. He takes it subject to the liens. He may pay them off, if he thinks the share worth the money, or he may let the creditor put that interest to sale and test its value. If, on the other hand, the creditor collects his debt from the original debtor and does not resort to the property, the equities may be attained by application of the doctrine of subrogation. Having examined the subject from all view-points suggested in the briefs and some additional ones, we see no reason for requiring the presence of lien creditors, under the circumstances here disclosed.

We are not to be understood, however, as holding that adult parties may not consent to the presence of lien creditors, or that creditors may not come in with the assent of adult owners, in cases in which only adults are interested; nor as holding that a creditor may never be a necessary party, in the absence of consent. If the debts are uncertain in amount or there are conflicting claims of priority, or other circumstances constituting an impediment to a fair sale, or there is a mortgagee in possession, after condition broken, lien creditors might be necessary parties. This record discloses nothing of that kind.

The decree under consideration does not in terms require the sale to be made subject to the liens on Mrs. Helmick's share of the property, but that is its legal effect, for it does not impair or affect the rights of the creditors in any way, they not being parties to the suit.

The allegations of the bill as to title and interest were fully and clearly proved. From the report of the commissioners, it also clearly appears that the property is not susceptible of division in kind, without great detriment to the interests of the parties. This fact argues much for the other essential, namely, promotion of their interests by a sale of the property. There is ordinarily a legal right to separate enjoyment and use of property, in itself constituting some evidence that the interests of the parties will be promoted by a sale, if necessary. In addition to that, we have the opinion of the commissioners, after a view and inspection of the property by them, that the building is in bad repair and would "not justify the making of such improvements as would be necessary in case partition were possible." A fair inference from this and the amount of the debts incurred on half of the property, is that the ground is valuable and the building inferior and in bad condition. Under such circumstances, it is infinitely better to convert the property into money and divide it. The rental value of such property is not commensurate with a fair income on the actual value. In the absence of evidence to the contrary, the report of commissioners, saying the interests of the parties will be promoted by a sale and recommending it, after having found the property insusceptible of division in kind, justifies a decree of sale. *Conrad* v. *Crouch,* 68 W. Va., 378; *Stewart* v. *Tenant,* 52 W. Va. 559; *Lucy* v. *Kelly,* 117 Va. 318.

Seeing no error in the decree, we will affirm it and remand the cause.

*Affirmed and remanded.*