# CHARLESTON.

RAGLAND COAL COMPANY v. MARY SPENCER.

Submitted September 19, 1922.   Decided October 3, 1922.

1.  PARTITION—*Not Error to Direct Sale Without Adjudicating Inchoate Dower Interest.*

     Where in a partition suit the undivided interest of one of the partitioners is subject to the contingent right of dower of the wife of a former owner of such interest, who is also owner in her own right of another undivided interest in the land, it is not error, before directing a sale of the property, not to ascertain and decree the value of such contingent dower interest, not become consumate by the death of the husband.   (p. 633.)

2.  SAME—*Sale Free of Contingent Dower Should be Modified to Subject Lands to Existing Inchoate Dower.*

A decree in a partition suit which in terms authorizes or by construction might authorize the sale of the land free of a contingent right of dower therein, should be reversed or modified so as to subject the land sold under it, in the hands of the purchaser, to an ycontingent or inchoate right of dower existing thereon or on any part or interest therein.  (p. 634.)

3.  SAME—*Wife of Partitioner of Land Sold Subject to Contingent Dower Rights Also Owning Moiety Entitled to Share in Actual Value.*

When a sale of land is so decreed in a partition suit subject to such contingent right of dower, and the wife of one of the partitioners owns in her own right a present estate or interest in one of the moieties of the land, she is entitled to participate in the proceeds of the sale on the basis of the actual value of the land when sold, and not upon the price at which the land may be sold subject to her contingent right of dower, to be determined by proof before distribution of the proceeds.  (p. 635.)

Suit by the Ragland Coal Company against Mary Spencer. From a decree of partition, ordering sale, and a finding that the property was not conveniently susceptible of partition, plaintiff appeals.

*Modified and affirmed.*

*Bumgardner & Preston,* for appellant.

MILLER, JUDGE:

The plaintiff complains of the decree of partition, ordering a sale of the property in accordance with the prayer of the bill, and finding in accordance with the report of the commissioners appointed, that the property was not conveniently susceptible of partition in kind.

The three assignments of error in the decree are: First, that the court did not before decreeing a sale of the property fix the respective interests or shares of the parties in the proceeds of the sale; Second, that the court directed the commissioners to whom the cause was referred to report the amount due from the plaintiff to the defendant for her con-

tingent dower interest in the plaintiff's undivided interest in the property; Third, that the court did not find that plaintiff and defendant were each entitled to one-half of the proceeds of the sale of the property independently of costs and rents.

Contrary to the suggestion of appellant in its first point, the court, before decreeing a sale of the property, did determine and decree that plaintiff and defendant were the owners in common of the lot of land to be partitioned, and that plaintiff is owner of a one-half interest, subject however to the contingent dower interest of the defendant Mary Spencer, who is owner of the remaining one-half undivided interest therein and a contingent dower interest in the one-half interest of the coal company.

The decree does specifically adjudge the respective interests of the parties in accordance with the facts alleged. The bill alleges and the deeds pleaded and referred to show that on May 10, 1915, W. T. Quessenbury and wife granted unto George Spencer and Mary Spencer, his wife, the land now the subject of partition; that subsequently, by deed dated April 21, 1917, the said George Spencer granted his one-half interest therein to one Joe L. Smith, who by deed of March 30, 1920, his wife joining therein, granted the one-half undivided interest so conveyed to him, to the plaintiff.

The bill, it is true alleges, that by virtue of these deeds, the plaintiff and defendant are now the owners of undivided half interests in the property, taking no account of the latter's contingent right of dower therein, she not having joined in the deed of her husband to said Smith, nor at any time or in any other deed or instrument having released the same.

While it is error, as laid down in the case of *Croston* v. *Male*, 56 W. Va. 205, cited and relied on by plaintiff's counsel, to decree a partition of land without first ascertaining and decreeing the respective interests of the partitioners therein, we can not see how it can be said that the court has not complied with this requirement in the decree complained of. The only suggestion of error is that plaintiff, if it should

want to bid on the property at the sale thereof ordered by the decree, does not and can not know what additional amount will be required of it to pay for defendant's contingent dower interest. It is argued that the proposition that plaintiff owes defendant a contingent right of dower which may never vest, shows the error in the decree.

That the court properly decreed the respective interests of the partitioners, there can be no doubt. Is the decree otherwise erroneous? We think it is so far erroneous that it ought to be modified so as to make the sale of the property subject to the contingent dower interest of the defendant in the plaintiff's undivided moiety therein. Partition of land is regulated solely by statute. Our statute, chapter 79 of the Code, which seems to be comprehensive of the entire subject of partition, makes no provision for partition of such contingent dower in land, nor does it make any provision for the sale thereof and apportionment of the proceeds to such contingent interest. Indeed such a contingent right of dower is not any estate or interest in land which, in the absence of statute, is or can become the subject of partition. *George* v. *Hess*, 48 W. Va. 534; 4 Enc. Dig. Va. & W. Va. Rep. 787, with citation of Virginia and West Virginia cases on this subject. By section 3 of chapter 79 of the Code, a married woman owning a present estate or interest in land, as tenant in common, joint tenant or coparcener, may be compelled to make partition as therein provided. But this is only when she holds a present estate or interest subject to partition, and has no application to her contingent or inchoate right of dower. In Virginia, chapter 31, section 2564, Code 1887, the statute of that state authorized disposal of a wife's contingent dower in her husband's land in partition and reinvestment of the proceeds in other property, or payment to her of the value thereof as provided. Under that statute land sold in a partition suit would no doubt bar the wife's contingent dower. 4 Enc. Dig. Va. & W. Va. Rep. 808. But our statute does not so provide. The defendant in this case has not by any instrument binding her

consented to release or relinquish her contingent dower in the land decreed to be sold. Apparently she stands on her legal rights. She can not be compelled to part with these legal rights in this suit, and she can do so only by the method prescribed by statute, that is by her voluntary deed.

As the decree of sale under consideration contains no reservations or conditions and referred the cause to a commissioner to ascertain the present value of the dower interest, it must be interpreted as intending a sale of the land free of dower, and not subject thereto. In the recent case of *Helmick* v. *Kraft,* 84 W. Va. 159, we decided that a husband with right of curtesy in his wife's land was not even a necessary party to a suit for partition of lands of the wife held in common with others. Certainly the same rule would apply to a wife with contingent dower in the lands of her husband. In this case, however, the defendant was a necessary party, because she was herself otherwise interested in the suit. Wherefore the decree ought to be modified as to authorize the sale of the entire property subject to the defendant's contingent right of dower in the moiety of the plaintiff.

The fact, however, that the decree refers the cause to a commissioner to ascertain among other facts the value of the defendant's contingent dower interest, can not be made the subject of just complaint on this appeal. Methods of calculating the value of such contingent interests, though not prescribed by statute, have been compiled by scientists and resorted to by the courts in many cases for practical purposes. They have no place, however, in a judicial opinion of this kind, except by way of suggestion. *Strayer* v. *Long,* 86 Va. 557, and authorities cited; 3 Va. Law Reg. 69; Giauque and McClure's Dower and Curtesy Tables. When the value of defendant's contingent dower has been thus ascertained, the partitioners may agree upon it and to a sale free of dower, and the controversy may be amicably settled in that way.

In the event such agreement is not reached before a sale, the decree modified as indicated should govern the partition

of the property. If no agreement is concluded, the question will be presented as to how the proceeds of the sale shall be distributed. It seems to us, the property being sold subject to defendant's dower interest in the moiety owned by plaintiff, she would be entitled to such portion of the proceeds as will represent one-half of the actual value of the land if sold free of dower, and the plaintiff the remainder thereof. The present value of the land free of dower can be ascertained by proof only, aided perhaps by a trial on the day of sale. The actual value of the land so established would constitute the basis of the distribution of the proceeds between the partitioners. Defendant's distributive share of this sum will of course be subject to whatever sum she may owe plaintiff for rent, if anything, and her share of the costs of the suit.

The purchaser at the sale will take the land subject to the contingent dower interest of defendant in plaintiff's moiety; and if she shall survive her husband, and her dower interest become consummate thereby, the purchaser will have the right to discharge such dower interest as provided by section 12, chapter 65 of the Code.

The decree appealed from will be modified in accordance with the views herein expressed, and as so modified will be affirmed; and as the appellee has made no appearance in this court, in person or by counsel, and filed no brief or argument on the present hearing, and has incurred no costs here, the decree as modified will be affirmed without costs to either party.

*Modified and affirmed.*