FARMERS AND MERCHANTS NATIONAL BANK AND TRUST COMPANY *et al. v.* J. TABB JANNEY *et al.*

(CC 544)

Submitted January 14, 1936. Decided February 4, 1936.

*Herbert S. Larrick, B. P. Harrison* and *L. I. Rice,* for plaintiffs.

*Martin & Seibert,* for defendants.

HATCHER, PRESIDENT:

The sufficiency of the bill herein is before us on certificate. The plaintiffs are creditors of H. M. Sartelle and are among the beneficiaries listed in a deed, executed by him in 1932 to a trustee, of many properties situate in Virginia and West Virginia, including his one-fifth undivided interest in the land of the Aquilla Janney estate in West Virginia. The trustee was directed to take charge of the properties, convert them into cash as soon as possible by either private or public sale, and "upon the conversion" distribute the proceeds "with all diligence" among the creditors.

The bill was filed at April Rules, 1935. It alleges that the trustee has never qualified or taken any action as trustee in regard to the West Virginia property conveyed to him by Sartelle. The trustee is not a party to this suit and a substituted trustee is not sought. This proceeding is in effect a general creditor's suit against Sartelle, in furtherance of which, the bill seeks a partition or sale of the entire Janney land. The owners of the other four-fifths undivided interests in that land are not shown to be responsible in any way for the Sartelle indebtedness. They demur to a compulsory partition or sale of their separate interests merely to aid Sartelle's creditors to realize on his one-fifth interest. The circuit court overruled their demurrer.

The authorities cited in support of the bill relate for the most part to the right of a trustee to secure a partition or sale of an undivided interest in land. Those citations are not apposite because this suit is not brought by the trustee.

In the absence of a statute to the contrary, the rule formulated by Freeman, Co-tenancy and Partition, Sec. 446, is that "No person has the right to demand any court to enforce a compulsory partition unless he has an

estate in possession—one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the co-tenants thereof." Judge Brannon says in *Merrit* v. *Hughes,* 36 W. Va. 356, 359, 15 S. E. 56, that Freeman is fully sustained by the authorities. Accord: *Gaddy* v. *Mullens,* 215 Ala. 664, 112 So. 133; 15 Ency. Pl. and Pr., subject Partition, pp. 784-5; 47 C. J., *idem,* p. 294, Sec. 79; Pomeroy, Eq. Juris (4th Ed.), Sec. 2131. The deed of Sartelle to the trustee was an absolute and indefeasible conveyance. *Sandusky* v. *Faris,* 49 W. Va. 150, 174, *et seq.,* 38 S. E. 563. By conferring on the trustee the whole title with directions to take charge of and sell the property and distribute the proceeds, the deed created an active trust. *Mason* v. *Mason,* 219 Ill. 609, 76 N. E. 692. The creditors have no right under the deed to possess the property, but only the right to share the proceeds of its sale. An active trust in property, when the beneficiaries are out of possession with no right to immediate possession, is said to constitute an "insuperable obstacle to partition." 47 C. J., *supra,* p. 351, Sec. 200. Accord: Note, Ann. Cas., 1912C, 327.

Our statute names only "tenants in common, joint tenants and coparceners" as the ones compellable to make partition. Code, 37-4-1. Creditors or even lienors of a tenant in common do not, because of that relation, share his co-tenancy. "A lien necessarily excludes any idea of ownership by the party claiming it. A lien, whether implied or by contract, confers no right of property upon the holder." *Foster* v. *Lbr. Co.,* 96 W. Va. 325, 330, 123 S. E. 50, 52. Consequently, it is generally held that creditors, whether secured or unsecured, "have no concern with it (partition) and that if they are made (even) parties to the suit, it will be dismissed as to them." *Childers* v. *Loudin,* 51 W. Va. 559, 565 *et seq.,* 42 S. E. 637, 640. Accord: *Helmick* v. *Kraft,* 84 W. Va. 159, 99 S. E. 325; Pomeroy, *supra,* 2137.

The ruling of the circuit court is accordingly reversed.

*Reversed.*